## SHERARD *vs.* SHERARD'S ADM'R.

[FINAL SETTLEMENT AND DISTRIBUTION OF DECEDENT'S ESTATE.]

1. *Compensation for dower.*—Where the probate court decrees to the widow, as compensation for her dower interest in the lands of her deceased husband, which were sold with her consent, (Code, §§ 1873–75,) one-ninth of the purchase-money, with interest, the appellate court cannot hold the allowance inadequate, when it appears that, however healthy she may be, the widow is thirty-seven years of age.

2. *From what probate decrees appeal lies.*—" We do not assent to the proposition, that this court has no power to revise the decisions of the probate court in this class of cases;" *i. e.*, in the matter of an application by the widow, on final settlement of the estate of her deceased husband, for compensation on account of her dower interest in the lands which were sold.

APPEAL from the Probate Court of Sumter.

IN the matter of the final settlement and distribution of the estate of John H. Sherard, deceased, on the application of the widow for compensation on account of her dower interest in the lands, which had been sold, with her consent, under an order of the probate court. "The lands were sold, by order of court, on the 15th December, 1855; the widow filing her written assent thereto under the statute, and agreeing to take her portion of the proceeds of sale, which ($37,145), with interest thereon, amounted to $41,354 74. It was proved, in behalf of the widow, that she was, and always had been, perfectly healthy and free from disease, was thirty-seven years old, and had no separate estate; and that the decedent died in June, 1855. No other proof was introduced on the subject; and the court thereupon allowed her one-ninth of the proceeds of sale and interest; to which ruling of the court the widow excepted, on the ground that the allowance was too small," and which she now assigns as error.

W. R. WETMORE, for the appellant.

TURNER REAVIS, *contra.*

RICE, C. J.—We understand it to be conceded by the parties, that the dower interest of the widow in the land of her deceased husband, by her consent, and under section 1873 of the Code, was sold with the residue of the land, by order of the judge of probate; that the sale was confirmed; that the purchase-money was collected by the administrator of the deceased husband; and that after-wards, and before the final settlement of the estate had been made, the widow applied to the judge of probate, to make an order that a fair equivalent for her dower interest be paid to her by the administrator.

In such a case, it was the duty of the judge of probate, under section 1874 of the Code, to make such order; but in making the order, he was bound to pay due respect to the rule declared in that section, that "the value of the dower interest (is) to be ascertained by proof, having regard to the age and health of the dowress;" and to the rule declared in section 1875 of the Code, that "the provisions of the preceding section must not be so construed as to allow the widow, *in any case*, more than one-sixth of the purchase-money."

In determining one-ninth of the purchase-money and interest to be a fair equivalent for the dower interest of the widow in the present case, upon the proof set forth in the record, it does not appear that the judge of probate proceeded upon any wrong principle, or violated any rule of law; nor does it appear that the allowance is inadequate. Section 1875 of the Code establishes one-sixth of the purchase-money, as the *maximum* that can be allowed "*in any case;*" and as more than that could not be allowed to a widow of extreme youth and perfect health, we know of no rule of law which would require a court to decide, that one-ninth of the purchase-money, with interest, was too small an allowance for the dower interest of a widow thirty-seven years old, however healthy she might be.—See Wright v. Jennings, 1 Bailey, 277; McCreary v. Cloud, 2 Bailey, 343; Beavers v. Smith, 11 Ala. 20; Springle v. Shields, 17 Ala. 295.

We deem it proper to say, that we do not assent to the proposition, that this court has no power to revise the de-

cisions of the judge of probate in this class of cases.—See Wright v. Jennings, and McCreary v. Cloud, *supra;* Pulliam v. Owen, 25 Ala. 492; Shepard v. Parker, 13 Ledell, 103. But in the present case, no error is shown to have been committed, and therefore we affirm the decree of the court below.