# Smythe Lumber Co. *v.* Austin, *et al.*

### Trespass by Cutting Down Trees.

(Decided June 3, 1909. 49 South. 875.)

*Trespass; Wrongful Cutting of Trees; Title to Support Action.*— It requires the same formality in a deed conveying standing timber on land to convey the title to the timber as is required to convey title to the land, and where the conveyance of the timber is defective for any reason that would render a deed conveying the land defective, the grantee in a timber deal has no title sufficient to sustain an action for the willful cutting of trees, a penalty for which is provided by section 6035, Code 1907.

APPEAL from Geneva Circuit Court.

Heard before Hon. H. A. PEARCE.

[Smythe Lumber Co. v. Austin, et al.]

Action by the Smythe Lumber Company against B. W. Austin and others to recover the penalty provided for the wrongful cutting of timber. Judgment was directed for the defendant and plaintiffs appeal. Affirmed.

R. H. WALKER, for appellant. This case is very similar to that of *Clifton Iron Co. v. Jemison L. Co.,* 108 Ala. 581. The defendants could not set up an outstanding title in another without connecting themselves with it, they being bare trespassers, and the plaintiff could rest on his possession, he having paid the purchase money and being put in possession, which gave him title under section 6036 of the Code.—*Heflin v. Milton,* 69 Ala. 354; *Hicks v. Swift Creek Co.,* 133 Ala. 411; *Reynolds v. Kirk,* 105 Ala. 466. Parol evidence is admissible to show the terms of a complete verbal contract.— *Nelson v. Shelby Co.,* 96 Ala. 515; 94 Ala. 463; 91 Ala. 166; 90 Ala. 103. Good faith is no deefense to this action. —85 Ala. 312; 90 Ala. 134; 115 Ala. 234.

W. O. MULKEY, for appellee. The deed did not pass the legal title.—*Davis v. Miller-Brent Co.,* 151 Ala. 580. The plaintiff must show legal title to the timber before he can recover, although in actual possession at the time. —*Shelby I. Co. v. Ridley,* 135 Ala. 515. The plaintiff showed no possession.—*Jackson L. Co. v. McCreary,* 137 Ala. 278; *Reddick v. Long,* 124 Ala. 261; *Wood L. Co. v. Williams,* 47 South.

DOWDELL, C. J.—The complaint claims of the defendants $5,000 for willfully and knowingly and without the consent of the owner of the land cutting down and destroying 500 pine trees. The action is evidently brought under the statute.—Section 6035, Civ. Code 1907. The bill of exceptions purports to contain all

of the evidence introduced upon the trial. Upon the conclusion of the evidence the court, at the request of the defendants in writing, gave the general affirmative charge to find for the defendants. This action of the court is here assigned as error, and is the only assignment of error on the record.

To support this action legal title in the plaintiffs to the trees cut must be shown. Possession without the legal title is not sufficient.—*Shelby Iron Co. v. Ridley,* 135 Ala. 515, 33 South 331. We do not mean to intimate that even possession was shown under the evidence in the case. This we do not decide. The plaintiffs, to show title to the trees, introduced in evidence a deed from the owner of the land on which the trees were growing to the Kelly Lumber Company. This deed bore the following indorsement: "For value received we hereby transfer the within timber lease to Smythe Lumber Company, with all rights and powers therein contained. ( Signed) Kelly Lumber Company, by T. A. Cumbie." There was no attestation. This indorsement was ineffective as a conveyance of the legal title to the timber described in the deed, as much so as if the deed had been for the land itself on which the timber was standing. Growing trees on land are a part of the realty, and the same formalities are required in a deed conveying the trees as in a deed conveying the land. —*Davis v. Miller Brent Lumber Co.,* 151 Ala. 580, 44 South. 639.

The plaintiffs having failed to show legal title to the trees alleged to have been cut, the court properly gave the general charge for the defendants as requested.

Affirmed.

ANDERSON, McCLELLAN, and SAYRE, JJ., concur.