# Clements, *et al. v.* Faulk & Co., *et al.*

## *Bill for Partition.*

(Decided February 13, 1913.   61 South. 264.)

1. *Partition; Rights of Surviving Wife and Children; Sale of Homestead.*—Under the provisions of section 4196, Code 1907, a court of equity could order a sale of lands, a reinvestment of the part of the proceeds belonging to the widow and minors, and a payment of the balance to the adult children, in a suit in which the widow and minor children all joined as complainants if convinced that it was to the interest of the minors for the sale to be had; especially in view of the further provision giving the chancery court power of sale for reinvestment with the consent of the widow in writing, this being intended to place the same limitations upon the power of courts to order a sale where the homestead vests absolutely as where by reason of solvency the homestead did not vest absolutely.

2. *Same; Who May Sue.*—A party having the present use and enjoyment of lands, and entitled to share in the proceeds of a sale as a remainderman may file a bill to sell such lands, if they cannot be equitably partitioned, although some of the parties interested therein may be remaindermen only.

3. *Appeal and Error; Disposition of Case; Judgment.*—Where the court denied relief because of the uncertainty as to his power to order a sale, and not because of a failure to prove the allegations of the bill, the appellate court, upon determining that the court had power to order the sale, will enter a decree ordering a sale of the land.

4. *Deeds; After Acquired Title.*—Where two of eight children of a deceased owner of land conveyed their undivided interest in the land, with covenants of warranty as to title, and one of the other eight children subsequently died, the interest of the grantors in the land as the heirs of such other child did not pass under the deed to their grantee, since the covenants referred only to the interest which they intended to and in fact did convey.

APPEAL from Geneva Chancery Court.

Heard before Hon. L. D. GARDNER.

Bill by Nettie Clements and others against T. S. Faulk & Co., and others for the sale of land for partition. From a decree denying relief because the court was uncertain as to its power to order the sale, complainants appeal. Reversed, rendered and remanded.

W. O. MULKEY, for appellant. This is a friendly suit for partition, and relief was denied because the chancellor doubted his power to make the sale. It is conceded that as against a life tenant or a tenant for years, the land may not be sold or partitioned without his consent where his estate extends to the whole land, and is not held in common with others.—*Fies v. Rosser,* 162 Ala. 504. But it is contended that where the widow and those interested jointly and severally with her agrees, the court may, if it deems it to the best interest of the widow and minor order partition under section 4196, Code 1907.—*Fitts v. Craddock,* 144 Ala. 433; 91 Ala. 273; 30 Cyc. 186; 102 Am. St. Rep. 713.

No counsel marked for appellee.

DE GRAFFENRIED, J.—The complainants, who are the widow and minor children of J. N. Clements, deceased, and to whom as such widow and minor children 160 acres of the lands of said deceased have been set apart as a homestead, filed this bill against the adult heirs of said Clements, or their grantees, and pray for

[Clements, et al. v. Faulk & Co., et al.]

a sale of said lands. The bill alleges that the lands cannot be equitably divided among the owners thereof, that all parties interested in the lands desire a sale thereof, that it is to the interest of the minors that the lands be sold, and prays that, when the sale is had and the purchase money is paid, the value of the life estate of the widow and the right of occupancy of each minor of said land be ascertained, and that such sum shall be added to the interest of the minors in the remainder, and that the sum so ascertained shall be reinvested under the orders of the court for the benefit of such widow and minor children. The bill further prays that the remainder of the purchase money shall be paid over to the adult heirs.

1. The widow in the instant case, when this bill was filed, had a life estate in the lands, subject, of course, to the right of use and occupancy which section 4196 of the Code secures to the minor children. So long as the children remain minors, their rights of use and occupancy of the lands are equal to that of the widow, but by the express terms of the statute the widow (the estate of the husband being solvent) at the time of the filing of this bill had a life estate, and only a life estate, in the lands. She was not, however, at the time of the filing of the bill alone entitled to the use and enjoyment of the property. Her minor children during their minority were entitled to the use and enjoyment of the property along with her, and they are interested, along with the respondents, who are adults, as tenants in common in the remainder. The widow expresses in this bill her consent for the property to be sold, and relinquishes, for that purpose, her right of occupancy of the property during her life. So far as this bill is concerned, the effect of the bill is to relinquish to the parties to the bill the life estate of the widow in the lands,

and this court has held that one who has a present use or enjoyment of land, and who, as a remainderman dependent upon the termination of such present use or enjoyment, is entitled to share in the proceeds of the sale of the lands, may file a bill to sell such lands (if they cannot be equitably partitioned) for the purposes of distribution among the tenants in common thereof, although some of the parties interested in the lands may be remaindermen only.—*Fies et al. v. Rosser*, 162 Ala. 505, 50 South. 287, 136 Am. St. Rep. 57.

Of course, in a case like the present, the widow cannot alone file such a bill. She is, at best, a mere life tenant without interest in the remainder.—*Fies et al. v. Rosser, supra.* In fact, when there are adult and minor children, as in this case, it cannot be affirmed that the death of the widow will terminate the particular estate created by said section 4196 of the Code. She may die during the minority of some of the children, and, in that event, the particular estate will not be determined until the youngest child arrives at lawful age.—Code, § 4196. When, however, the widow and minor children, as in the present case, all join as complainants in the bill of complaint, it can be affirmed that the entire particular estate created by section 4196 of the Code is represented, and we can see no reason why, when such is the case, a court of equity, if convinced that it is to the interest of the minors for such a sale to be had, has not the power to order a sale of the lands for distribution (if the lands cannot be equally divided ed), and out of the proceeds of the sale reserve that part which in equity belongs to the widow and minors, reinvest it for their benefit subject to the limitations imposed by section 4196 of the Code, and pay over to the adults the balance.—*Fies et al. v. Rosser, supra.*

We emphasize the above statement, "if convinced that it is to the interest of such minors for such a sale to be had," as qualifying this right to resort to a court of equity for the above purpose. The widow, being sui juris, is not so much the object of solicitude on the part of a court of equity as is a minor, of whom a court of equity is in fact the guardian. Such a sale, involving, as it does, the delicate rights which are conferred upon widows and minor children by virtue of our exemption statutes and the disposition of the homestead—the shelter of the family—can only be effected through the medium of a court of equity. It is, of course, necessary to the maintenance of a bill seeking the relief prayed for in this bill, for the widow to assent to the sale of the property. She has a life estate to the exclusion of all persons after the youngest child arrives at lawful age, and, without the widow's assent to such proceeding, a court of equity would be powerless to sell her life estate.

2. When an estate is insolvent, the homestead vests absolutely in the widow and minor children as tenants in common.—Code of Alabama, § 4196. This being true, unless restrained from so doing, on arriving at lawful age, the oldest child would have the right to have such homestead partitioned, or, if not capable of equitable division, then sold for the purposes of distribution. This being true, the above section 4196 provides that such estate "shall not be sold or partitioned by order of any court until the *death* of the *widow* and the *youngest* child is of age, except by the order of the chancery court for reinvestment with the consent of the widow in writing, if living." We think that the above quoted portion of the statute, which is expressly made applicable to homesteads which vest *absolutely*

by reason of the insolvency of the deceased, is strongly persuasive of the proposition that as to the estates which, by reason of the solvency of the deceased, the homestead does not vest absolutely, the Legislature recognized that a court of equity possessed the power which the complainants in this case invoke. We think that the Legislature intended, by the quoted provision, to place the same limitations upon the power of courts to order the sale of a homestead which vests absolutely, as, under the general rules of law already existing, appertained to a sale of a homestead which, by reason of the solvency of the estate of the deceased, did not vest absolutely. In other words, we think that the Legislature intended, by the quoted provision, to declare that a homestead which vests absolutely shall not be sold under the orders of a court, unless, under the same conditions, a homestead which does not vest absolutely could also be sold under the orders of a court. The Legislature in creating the two characters of homestead was actuated by the same general purpose, and we see no reason why the same rules should not govern the sale of each character of homestead.

3. This suit is entirely friendly. The learned chancellor refused the complainants relief because of the uncertainty which existed as to his power to order a sale of the lands for the purposes prayed for, and not because the complainants failed to prove the allegations of their bill of complaint. This being true, as the evidence in the case authorizes the granting of the relief for which the complainants pray in their bill, a decree is here rendered ordering the lands to be sold for the purposes prayed for in the bill of complaint, and the cause is reversed in order that the court below may make such other orders and decrees in the premises as

may effectuate the sale and result in a proper investment of that part of the proceeds of the sale which belong to complainants.

4. Prior to the filing of the bill of complaint two of the adult children of said J. N. Clements, deceased, sold their undivided interest in remainder in the said lands by deeds with covenants of warranty as to title to T. S. Faulk and O. N. Faulk. There were eight children, and each child, therefore, owned an undivided one-eighth interest in the land. The deeds from the two children above mentioned conveyed only that interest in the land which they then owned, as the deeds profess to convey their interest in the lands, and this interest is, of course, referable to the interest which they owned at the time said conveyances were made.

Since the filing of this bill one of the minor children has died. The undivided one-eighth interest in remainder in said lands which belonged to said minor descended at the time of his death to the heirs of said minor, and T. S. Faulk and O. N. Faulk take no interest in said minor's. one-eighth interest in remainder by virtue of the purchase above referred to. The grantors in the deeds to T. S. Faulk and O. N. Faulk only conveyed the interest which they owned in the lands at the date of the conveyance, and the covenants of warranty can only refer to the interest which they then undertook, intended, and, in fact, conveyed. The covenants of warranty cannot be construed as covering any future interest which the grantors might by purchase or inheritance acquire in the other undivided six-eighth interest in the the land, to which at the time of the conveyances to said T. S. Faulk and O. N. Faulk the said grantors had no right or title whatever, and to which by said conveyances they intend to convey no right or title whatso-

ever.   We cite no authority to sustain this position, as we deem a citation of authority unnecessary.

Reversed, rendered, and remanded.

DOWDELL, C. J., and ANDERSON and MAYFIELD, JJ., concur.