(81 South. 564)

STREET v. WATTS et al. (7 Div. 995.)

(Supreme Court of Alabama. April 10, 1919.)

1. PARTITION ⟬⟭13—COTENANCY—NATURE—REMAINDERS.

Where one person owns the entire reversion and another the life estate, there is no tenancy in common, and no sale for distribution can be had, under Code 1907, § 5231.

2. QUIETING TITLE ⟬⟭35(3) — PLEADING — POSSESSION.

A bill to quiet and determine title is fatally defective, where it does not allege possession in complainant.

3. EQUITY ⟬⟭452 — BILL OF REVIEW — LACHES.

A bill of review, or in the nature thereof, whose purpose is to correct a final decree and sale of land in a court of equity, is without equity when filed nearly 40 years after the sale, the fact that complainant knew nothing of the matter adding nothing to the equity; the matter being of record.

Appeal from Circuit Court, Clay County; Hugh D. Merrill, Judge.

Bill by J. C. Street against Martha H. Watts and others. Decree for respondents, and complainant appeals. Affirmed.

Riddle & Riddle, of Talladega, for appellant.

W. M. Lackey, of Ashland, for appellees.

MAYFIELD, J. The bill in this case is a hybrid. It is not easy to classify, or correctly name it. It seeks several different kinds of relief. It seeks a sale for distribution, but is defective or lacking as for this purpose, in that it alleges no tenancy in common.

[1] If its allegations be true, complainant owns the entire reversion; while one of the respondents owns only an estate for life; that is, a dower interest in the land. There is no tenancy in common between them, one is a tenant for life only, while the other is a reversioner or remainderman of the whole.

The case is not brought within the rule announced in Fitts v. Craddock, 144 Ala. 437, 39 South. 506, 113 Am. St. Rep. 53, or Code, § 5231, because no tenancy in common is shown. The tenancies alleged are in severalty, not in common; each, of course, has an interest in the same land, but not in common; but in different estates, one for life, the other in remainder. In Fitts v. Craddock, supra, complainant was a tenant in common with Craddock, both as to the remainder, and owned all the life estate. The relation of tenants in common was there shown to exist. This distinction was pointed out by this court in the case of Fies v. Rosser, 162 Ala. 504, 50 South. 287, 136 Am. St. Rep. 57; Hollis v. Watkins, 181 Ala. 248, 61 South. 893; Shannon v. Ogletree, 200 Ala. 539, 76 South. 865; Cobb v. Frink, 200 Ala. 191, 75 South. 939; Jordan v. Walker, 201 Ala. 248, 77 South. 838.

[2] The bill also seeks to quiet and determine title. It is fatally defective in this aspect, because it does not allege possession in complainant. It also seeks to review and reform a decree of the chancery court rendered more than 20 years ago, and is fatally

---

⟬⟭For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

defective as a bill of review, or a bill in the nature thereof, for many reasons. As to this, the bill shows affirmatively on its face that it is barred by laches and by the rule of prescription.

Appellant claims that it is a bill to sell land for partition and distribution among tenants in common, and seeks the other relief as incidental to the main equity. We have shown that it has no main equity as for partition, and hence no relief could be had which is sought as merely incidental to the main equity.

[3] The respondent, appellee here, contends that the main attempted equity is to correct a former decree and sale of lands in a court of equity, and hence is intended as a bill of review or in the nature thereof. If so, of course, it is without equity when filed nearly 40 years after the final decree and sale thereunder. The amended bill in this respect gave it no equity. The fact that complainant did not know of the matters of which he complains until a year before the filing of the bill adds nothing to the equity. The matters complained of were of record, and, moreover, the right to so correct, if it ever existed, so far as the bill alleges, was lost before this complainant ever acquired any interest in the subject-matter.

We find no error in the decree of the trial court, and the decree is in all things affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.