**MATHEWS et al. v. GOODENOUGH et al.**
**(6 Div. 425.)**

(Supreme Court of Alabama.   May 10, 1921. Rehearing Denied June 23, 1921.)

1. Homestead ⬬150(1)—Where estate left by decedent is less than exemption, absolute title vests in minor children, although not set apart.

The 15 acres of land left by decedent being less in area and value than the exemption for a homestead, the title vests absolutely in the minor children under Code 1907, § 4198, notwithstanding the same may not have been judicially ascertained and set apart.

2. Homestead ⬬146—Homestead estate, vesting absolutely in minor children, can be sold or partitioned only for reinvestment.

Where a decedent's estate is less in area and value than the amount fixed by law under Code 1907, § 4198, the title vests absolutely in the minor children within section 4196, providing that the homestead shall not be sold or partitioned except by order of the court for reinvestment until death of the widow and the majority of the youngest child.

3. Guardian and ward ⬬79 — Sale of minor children's homestead by guardian held void.

Code 1907, § 4196, controls the exemption and sale of homesteads and a sale, by the guardian, of minor children's homestead estate and proceeding in confirmation under Code 1907, c. 121, art. 3, is void.

Appeal from Circuit Court, Jefferson County; Pinkney Scott, Special Judge.

Bill by F. R. and P. M. Mathews against Bettie Goodenough, individually and as guardian of certain minors, to review said probate proceedings, to confirm the same, and quiet title to land. Decree for respondent, and complainants appeal. Affirmed.

The case made by the pleadings and the proof is: That one Reuben Goodenough owned 15 acres of land near Bessemer, Ala., and died, leaving said land as his only estate, and leaving surviving him certain minor heirs, but no widow. His death occurred in the year 1910. After his death, one of the minor heirs died without issue, that in March, 1913, Virginia Brown, one of the heirs, Bettie Goodenough, another of the heirs, and Glenn Goodenough, another heir, each for a valuable consideration, executed conveyances to F. R. Mathews and P. M. Mathews to their respective undivided one-seventh interest in the said 15 acres of land. That later Bettie Goodenough, as guardian of certain minors, desiring to dispose of said land to effect a division thereof, and complainants desiring to purchase all of said land, and offering a fair and adequate price therefor, agreed with complainants to sell the same and to give title by conveyance under article 3, chapter 121, Code of 1907, to a nominal purchaser through proceedings in the probate court of Jefferson county, which was done with the understanding that such nominal purchaser was to reconvey to complainants. Carrying out this agreement, a petition and report of sale was made to Hon. J. P. Stiles, judge of probate of Jefferson county, proper and orderly proceedings were had upon said petition, and a deed was executed by Bettie Goodenough as guardian to J. C. B. Gywnn, the agreed nominal party, who in turn executed a conveyance to com-

plainant, who paid to the said guardian the agreed sum of $755, whereupon complainants went into possession of the land, have since held possession, and are now in possession. The allegation then is that the proceedings above referred to were voidable, and that the respective one-seventh interest in the land is still subject to said minors. Complainants offered to submit themselves to the jurisdiction of the court and to do whatever is just, equitable, and right in the premises.

Huey & Welch and McEniry & McEniry, all of Bessemer,. and Harsh, Harsh & Harsh, of Birmingham, for appellants.

Neither a non compos, nor a minor, nor any one under disability will be allowed to retain the proceeds of a judicial or other sale, even though void, and at the same time retain or recover the property sold. 64 Ala. 437, 38 Am. Rep. 13; 193 Ala. 368, 69 South. 574; 199 Ala. 150, 74 South. 243; 122 Ala. 609, 26 South. 139, 82 Am. St. Rep. 103; 72 Ala. 605. The decree of the probate court was final and binding, notwithstanding whatever meaning may be ascribed to sections 4196 or 4198. Certainly it was not open to collateral attack. 186 Ala. 313, 65 South. 209; 114 Ala. 633, 21 South. 534; 78 Ala. 206; 23 Cyc. 1055–1061. The probate court is a court of general jurisdiction as to the estates of minors. 32 Ala. 676; 77 Ala. 521; 68 Ala. 107; 182 Ala. 631, 62 South. 176, 46 L. R. A. (N. S.) 274. The trial court misconstrued the plain intent and purpose of section 4196 as construed in connection with section 4198, Code 1907. 181 Ala. 219, 61 South. 264; 201 Ala. 574, 78 South. 918; 203 Ala. 110, 82 South. 124.

T. J. Lamar and R. J. McClure, both of Birmingham, for appellees.

Being all the real estate left by decedent and being of less value than $2,000, the proceedings for the sale, etc., were void. Sections 4196,. 4198, Code 1907. The doctrine of estoppel does not apply here. 59 Ala. 441, 31 Am. Rep. 20; 184 Ala. 223, 63 South. 159, 47 L. R. A. (N. S.) 543, Ann. Cas. 1915B, 672; 113 Ala. 131, 20 South. 999; 105 Ala. 249, 16 South. 704. The sale was void and conferred no rights on any one. 98 Ala. 426, 13 South. 744; 59 Ala. 441, 31 Am. Rep. 20; 59 Ala. 532; 75 Ala. 213; sections 5254–5256, Code 1907; 191 Ala. 168, 67 South. 1008.

ANDERSON, C. J. [1] The evidence shows that the land in question was the homestead of the respondent's father when he died in 1910. Hence this case is controlled by the Code of 1907. There was no proof that the estate was ever declared insolvent so as to vest the title to the land absolutely in the minor children under section 4196 of the Code of 1907. It does appear, however, that the father left no widow, and that all of his heirs, or children, were minors when he died, and, as all of the land left was less in area and value than the exemption provided by law, the title to the land in question vested absolutely in said minor children under section 4198 of the Code, notwithstanding the same may not have been judicially ascertained and set apart. In the case of Miles v. Lee, 180 Ala. 439, 61 South. 915, in construing section 4198 of the Code of 1907, we noted that the rule as laid down in Faircloth v. Carroll, 137 Ala. 243, 34 South. 182, and similar cases, did not now obtain, since the change was made in said section 4198, notwithstanding the homestead contained all of the decedent's real estate, and which was less in value and area than fixed by law—that the title vested in the widow and minor children, or either, only as against creditors of the father, and not against the heirs until the homestead had been judicially ascertained and set apart. It appears, however, in the present case, that all of the heirs were minors at the death of their father, and under the terms of section 4198, the title vested in them absolutely.

[2] This was the homestead exemption notwithstanding the title vested absolutely in the minor children and section 4196 of the Code of 1907 in part says—

"and shall not be sold or partitioned by order of any court until the death of the widow and the youngest child is of age, except by the order of the chancery court for reinvestment with the consent of the widow in writing, if living."

This quoted provision from section 4196 first appears in the Code of 1907, and while it follows immediately that portion of the old provision vesting the title absolutely in case the estate is declared insolvent, we do not think that it should be so narrowly construed as to convict the lawmakers of making a discrimination in protecting the widow and minor children by safeguarding their shelter only when it vests in them absolutely because of the insolvency of the estate, and not doing so when it vests absolutely in them because less in area and value than the exemption fixed by law. Indeed, this quoted provision from section 4196 has been heretofore construed by this court in the case of Clements v. Faulk, 181 Ala. 219, 61 South. 264, as forbidding the sale or partition of the homestead, which vests absolutely in the widow and minor children, or either, during the life of the widow or minority of the children, except by the chancery court for the purpose of reinvestment. It is true the opinion in the case supra, mentions homesteads which do or do not vest absolutely because of the solvency or insolvency of the estate, but it further demonstrates and emphasizes the fact that this provision was intended to prohibit a sale or partition of the homestead when the title vested absolutely, whether by insolvency of the estate or otherwise, except

in the manner and form there provided. See paragraph 2 of said opinion. Morover, if the Clements Case, supra, was not an authority for this holding, as an original proposition, we would hold this to be the only just and reasonble interpretation of said quoted provision.

[3] As section 4196 deals specially with the homestead exemption and a sale thereof, article 3 of chapter 121, p. 1144, of the Code of 1907 must relate to the sale of lands held or owned by minors other than the homestead exemption. •We therefore hold that the sale by the guardián and the proceeding to confirm the same under article 3, chapter 121, of the Code was unauthorized, and is null and void, and the trial court properly held that the complainants had no title or claim to the interest of the four respondents in said land, and properly canceled the deeds purporting to convey their said interest.

The proceedings in the probate court, being unauthorized, cannot, of course, operate as an estoppel against these respondents from setting up the invalidity of the deeds.

The decree of the circuit court is affirmed. Affirmed.

McCLELLAN, SOMERVILLE, and THOMAS, JJ., concur.