(93 South. 908)

BOYLES v. WALLACE et al.   (8 Div. 392.)

(Supreme Court of Alabama.  April 27, 1922. Rehearing Denied Oct. 12, 1922.)

1. Dower ⊂⊃46(4)—Cannot be sold for partition in probate without widow's consent, nor in chancery.

Under Code 1907, § 2647, dower cannot be sold for partition in probate court without the widow's written consent, nor in chancery.

2. Dower ⊂⊃46(4)—Widow's answer to cross-bill held to satisfy statutory requirement for written consent to sale of dower in probate court.

A respondent widow's answer to cross-bill in equity, denying cross-complainant's ownership in lands, and averring widow's ownership and praying sale for division, satisfies the requirement of Code 1907, § 2647, that widow must give written consent to sale for partition in probate court of dower interest.

On Rehearing.

3. Appeal and error ⊂⊃931(1)—Evidence reviewed without presumption as to conclusiveness, where not given orally on trial.

Where no witnesses gave evidence orally on trial, the appellate court will review the evidence without any presumption in favor of its conclusiveness.

4. Records ⊂⊃17(7)—Evidence held to establish ancient divorce, where records were not produced.

Evidence held to establish a divorce of 40 years' standing, where, though record evidence was absent and destruction of the records not shown, evidence that the courthouse had burned and secondary evidence that a divorce was decreed was not objected to, and in brief upon rehearing counsel contending against the divorce admitted destruction of the records.

5. Marriage ⊂⊃11—Existing marriage renders subsequent marriage void.

A valid existing marriage renders a subsequent marriage void.

**6. Divorce ⬤═320 — Prohibition against respondent's. remarriage not extraterritorial in effect.**

A prohibition against remarriage of respondent after divorce is not extraterritorial in effect, in the absence of statute changing the rule in jurisdiction of subsequent marriage.

Appeal from Circuit Court, Franklin County; Charles P. Almon, Judge.

Bill by Mamie Boyles Wallace against John O. Boyles and others for sale of lands for division of proceeds among joint owners, and for accounting for rents, profits, etc. From a decree granting relief, defendant John O. Boyles appeals. Affirmed.

The bill alleges that complainant Mamie Boyles Wallace is a joint owner or tenant in common, with the parties respondent, of certain described lands in Franklin county; that said lands cannot be equitably divided without a sale thereof; that the defendant, John O. Boyles, has been in possession of said land for a number of years, reaping the benefits of said land, cutting the timber therefrom, and otherwise committing waste on the same. The prayer seeks the ascertainment of the value of rents and profits appropriated and the waste committed by defendant John O. Boyles, and an accounting by him therefor to the other joint owners, a sale of said lands for division among the joint owners, and solicitor's fee.

The defendant, John O. Boyles, filed an answer and cross-bill, denying that the complainant, or either of the respondents, own any interest in the lands in question, and alleging that he owns the entire fee-simple title thereto. It is further alleged in the cross-bill that said Boyles has been in adverse possession of the lands in question for many years, and that he has erected valuable improvements thereon, and that as against any other common owner he is entitled to the value of said improvements. The prayer is that, if the facts justify, cross-complainant be decreed to own said lands in fee; or if the court finds that said lands are jointly owned, that a reference be had to ascertain the value of improvements erected by cross-complainant and the amount of taxes he has paid with interest thereon, and that the total amount thereof be paid to him out of the funds arising from the sale of said lands.

Mrs. Annie Boyles, with other respondents, jointly filed answer to the cross-bill, denying cross-complainant's ownership of the lands in question, and averring her ownership of an interest therein. She admits the actual possession of the lands by cross-complainant, but alleges that he held the same for the benefit of all the legal joint owners. The answer further states that the cross-complainant has greatly damaged said lands, stripping it of timber and committing waste thereon; that he should be charged with such waste, less the taxes paid by him, and that the lands should be sold for division.

Travis Williams, of Russellville, for appellant.

Unless the contracting parties had decretal permission to remarry, the children of the marriage would not inherit from the father. 139 Ala. 290, 35 South. 884. Counsel argue other questions, but without citing additional authorities.

Key & Key, of Russellville, for appellees.

A man going into possession of land under a paper cannot dispute the paper under which he holds. 13 Cyc. 715. Defendant, having recognized the interest of some of the tenants in common, placed all the other tenants on a parity with him and the ones so recognized. 203 Ala. 373, 83 South. 117. The rights of a tenant are not cut off until three years after she attains her majority. 200 Ala. 358, 76 South. 124; 190 Ala. 423, 67 South. 289; 193 Ala. 258, 69 South. 110. In the absence of proof to the contrary, the law will presume that a marriage is legal, and that a child of that marriage is legitimate. 16 Cyc. 1081; 61 Ala. 288.

ANDERSON, C. J. We think that the evidence fully justified the conclusions of the trial court that the appellant, John O. Boyles, had not acquired title to the land by adverse possession, and that he held it as a joint owner with the other heirs of his father. He entered into possession under a power of attorney from his father and as his agent, and continued to so hold until the death of the latter less than 10 years before this bill was filed. Moreover, had the father died more than 10 years before the bill was filed, the proof does not show such a repudiation by appellant, brought to the notice of the other heirs, as would permit his holding to be adverse or hostile to them.

The evidence in this case was partly ore tenus, the trial court saw and heard the witnesses, and the conclusion was like unto the verdict of a jury. Senior v. State, 205 Ala. 337, 87 South. 592. We cannot say that the conclusion as to the value of the improvements, the waste, and rents was contrary to the great weight of evidence.

We cannot say that the trial court erred in holding that the present Mrs. Boyles was the lawful widow of James O. Boyles, deceased, and that her children were his legal heirs. There was proof that they married in Tennessee years ago, and continued to live as man and wife until the death of said James O. Boyles. It is suggested by appellant's counsel that this last marriage, however, was invalid because the said Boyles had a living

wife, and that the proof does not show a legal separation before entering into the said last marriage. This refers to the third or Powell wife, the present Mrs. Boyles being the fourth wife. There is no record evidence of a divorce from the Powell wife, but Mrs. Lettie McCaig, a sister of the Powell wife, testified:

"He and my sister were divorced. They were divorced at Balgreen. I know that. * * * After James Boyles and my sister were divorced, she married again."

This was not the best evidence of a legal divorce, but it transpired 40 years ago, and there was some evidence that the Franklin courthouse was since burned, and, while there was no proof of the destruction of the divorce records, this evidence was not objected to, and if, as a matter of fact, the records were not destroyed, and failed to disclose a divorce as testified to by the witness, the appellant could have shown this, and, in the absence of an objection to this evidence or a contradiction of same, we think there was shown, prima facie, a legal separation. Same as to wife No. 2.

[1, 2] There was no error in the holding that the present Mrs. Boyles was entitled to dower in the land and in ordering the sale and the ascertainment of the value of her dower interest. It is true the dower cannot be sold for partition in the probate court without the written consent of the widow. Code 1907, § 2647. Nor in chancery. Hamby v. Hamby, 165 Ala. 171, 51 South. 732, 138 Am. St. Rep. 23. But we think that the written answer of Mrs. Boyles to the cross-bill (page 12 of the record) is not only a sufficient claim that she has dower in the land, but also operates as a written consent to a sale for division.

The decree of the circuit court is affirmed. Affirmed.

SAYRE, GARDNER, and MILLER, JJ., concur.

## On Rehearing.

ANDERSON, C. J. [3] Owing to the caption and arrangement of some of the depositions, we were led into error in holding that some of the witnesses were examined in open court, and therefore seen and heard by the trial court, but, as this was not the case, we must, under the statute, pass upon the evidence without any presumption in favor of its conclusion upon the facts.

We repeat, the evidence utterly fails to establish title to the land in the respondent by adverse possession as against the heirs of his father.

[4, 5] As set forth in the original opinion, the proof showed the destruction of the courthouse, and as the secondary evidence as to the divorce was not objected to, and the divorce records were not offered in rebuttal, there is at least a presumption that they were destroyed. Indeed, counsel for appellant in brief upon rehearing admits that the divorce records of Franklin county were destroyed when the courthouse was burned. The parties were therefore put to secondary evidence to prove the divorces from wives Nos. 2 and 3, and as formerly stated, the evidence alluded to established a prima facie divorce from each of them and which was not contradicted. Therefore legality of the children by the fourth wife, whom Boyles, Sr., lived with when he died in Tennessee, has been satisfactorily shown and more firmly established by a reconsideration of this record. There is, of course, less proof of the divorce from the Pruett wife, No. 2, than the Powell one, No. 3, but there is evidence tending to show that Boyles, Sr., was divorced from the Pruett wife before marrying Miss Powell, and the respondent himself testified to an expensive and hotly contested divorce suit against his father by wife No. 3, wherein she was granted a divorce, and, had Boyles, Sr., not been divorced from the Pruett wife, who was still living, the marriage with Miss Powell was void, and did not have to be annulled by the chancery court.

[6] It is true, the respondent testified that the Powell wife was given a divorce, but claims that his father was not authorized to remarry. This restraint, however, if it existed, was not extraterritorial and did not invalidate his subsequent marriage in Tennessee. Fuller v. Fuller, 40 Ala. 301; Wilson v. Holt, 83 Ala. 528, 3 South. 321, 3 Am. St. Rep. 768, and no Tennessee statute has been produced changing this rule. Morever, the proof shows that both the Pruett and Powell women subsequently remarried and lived with their husbands for years in Franklin or adjoining counties.

The amended bill shows that the Tennessee widow was living and had an interest in the land, and we repeat that her answer shows a sufficient consent to the sale of her dower interest.

Upon a reconsideration of the evidence we are fully persuaded that the trial court did not err to the prejudice of the respondent in holding that the tax and value of the improvements did not exceed the rent and waste.

The rehearing is denied.

SAYRE, GARDNER, and MILLER, JJ., concur.