157 So. 676

## RAY v. HILMAN et al.

### 2 Div. 48.

Supreme Court of Alabama.

Nov. 22, 1934.

E. F. Hildreth, of Eutaw, for appellant.

W. W. Patton, of Livingston, and J. F. Aldridge, of Eutaw, for appellees.

BROWN, Justice.

This appeal is from a final decree perpetually enjoining the appellant from trespassing upon the lands of complainants and cutting growing timber and removing same, to the detriment of the complainants' estate.

Before the bill was filed, a dispute and controversy had arisen between the parties as to the right of the defendant to go on said land and cut and remove the timber, and prosecution had been instituted for trespass by defendant after warning. They thereupon entered into a written agreement, made Exhibit A to defendant's answer and offered in evidence by her, setting forth that such controversy existed, and agreeing that said controversy should be settled by this proceeding, each agreeing "to abide and be governed by a Court decision as to said matter," and to facilitate its speedy disposition that the com-

plainants "will file as soon as practicable a suit in the Circuit Court of Greene County, Alabama, in equity, seeking in substance to have the said deed or contract construed and their rights determined as to the said timber, and the said Ida B. Ray (appellant) will as soon as practicable file an answer thereto," said defendant agreeing further to refrain from cutting any more of the timber pending "a final determination by a decree of the Court as to the rights of said parties," with the provision in the agreement that the defendant had the right to remove timber already cut and on the ground; that, if the decree was in favor of the defendant, she should have an additional period of time in which to exercise her rights of cutting and removing said timber, measured by the length of time required to obtain "such final decree." If the decree was adverse to defendant, she should pay an agreed price for the timber cut and removed; the losing party to pay the court costs incurred in the criminal prosecutions, which were dismissed by agreement.

The "deed or contract" referred to in said agreement was an agreement to sell timber rights, with the right of ingress and egress over the land, and the right to construct and maintain camps, mills, etc., entered into between complainants and their cotenants and one J. I. Thornton on September 27, 1922.

All of the assignments of error, except the last, relate to the sufficiency of the averments of the bill as amended as against the demurrers interposed thereto.

We limit our consideration to the general equity of the bill and the rights of the parties as presented by the merits on the proof, for reasons now stated.

■ While it is well settled that jurisdiction of the subject-matter of a controversy must exist as a matter of law, and may not be conferred by mere consent of the parties or by estoppel, nevertheless, if the subject-matter is within the jurisdiction of the court and its jurisdiction is invoked by the usual form and mode of procedure, and the court has proceeded to determine the controversy, the party or parties invoking its jurisdiction will not be permitted to assume an inconsistent position in the same proceedings or question the regularity thereof. 10 R. C. L. 699, § 27; Hamilton v. Watson, 215 Ala. 550, 112 So. 115; Gross v. Gross, 224 Ala. 212, 139 So. 218.

This principle not only applies to the proceedings in the court at nisi prius, but applies to the proceedings on appeal. 10 R. C. L. 701,

§ 28; Travis, Adm'r, v. Sloss-Sheffield Steel & Iron Co., 162 Ala. 605, 50 So. 108.

■ The principle is applicable to this proceeding. It clearly appears that the parties invoked the jurisdiction of the court to determine their controversy, and the subject-matter of the controversy—granting an injunction to restrain repeated trespass to the lands by entering and cutting timber therefrom—was within the court's jurisdiction. Tidwell v. H. H. Hitt Lumber Co. et al., 198 Ala. 236, 73 So. 486, L. R. A. 1917C, 232.

Therefore, treating the amendable defect in the bill as amended, it was not subject to the general demurrer for want of equity. McDuffie et al. v. Lynchburg Shoe Co. et al., 178 Ala. 271, 59 So. 567.

■■ Now as to the merits. The ownership and title of the complainants in the land, apart from the growing timber, is not disputed but admitted. Nor is it denied that complainants and their cotenants conveyed the timber growing on the land, with the usual rights to enter upon the land and cut and remove the same, to one Thornton and his assigns; that Thornton conveyed said timber and timber rights to the Black Warrior Lumber Company. The evidence is without dispute that the lumber company, for eight consecutive years, cut and removed timber from said lands, cutting over all the lands, taking therefore all such timber as they had use for; that the lumber company about the year 1926 abandoned its operation, moved off the lands, and went out of business.

The sole basis of the defendant's asserted right to enter upon the land and cut what timber remained on the land is two letters, one dated November 20, 1926, and the other March 26, 1927, the first:

"Dear Sir: This will hereby confirm our sale of all the hardwood timber on what is known as the Hilman tract in Greene County, Alabama, with the exception of that in Sections 29 and 30, said sale being made to you and for which we have received payment in full.

"Very truly yours,
"[Signed] Black Warrior Lumber Company,
"U. J. Matson, President."

The other:

"Dear Sir: Confirming our conversation of even date, I beg to confirm my offer to allow you to take all of the pine off that portion of the Hilman tract that you purchased the hardwood during the year 1926, and acknowl-

edge the receipt of the $1.00 cash in hand paid for such privilege," and signed in like manner.

These letters constitute, at most, a mere license to cut the timber, and are wholly inefficacious, as against the owner of the fee and the reversionary interest in the timber, to confer on the defendant the right to enter upon the land and remove the timber. The timber is a part of the realty, and a deed executed according to the forms of law is essential to pass title thereto. Smythe Lumber Co. v. Austin, et al., 162 Ala. 110, 49 So. 875; 38 C. J. 155, § 29.

Affirmed.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.