44 So.2d 764

**MIZELL et al. v. WALLEY.**

**I Div. 385.**

Supreme Court of Alabama.

March 2, 1950.

Edw. Powell Turner, Chatom, and Theodore J. Lamar, of Citronelle, for appellants.

Scott & Porter, Chatom, for appellee.

STAKELY, Justice.

This is an appeal from a decree of the equity court overruling the demurrer to a bill of complaint filed for the purpose of selling land for division among joint owners or tenants in common. The only question presented on this appeal is whether the complainant Mary Jane Gibson Walley (appellee) can maintain the bill. We do not think she can.

Emily Jane Stremich died intestate on March 3, 1946. At the time of her death she was the owner of the land involved in this litigation comprising 79 acres situated in Washington County, Alabama. She had married three times and was survived by her husband Rudolph Stremich, six children and six grandchildren. The grandchildren are the children of Elizabeth Mizell Cooley, a daughter of Emily Jane Stremich, who had died intestate some years before the death of her mother. Elizabeth Mizell Cooley was also survived by her husband Ezra Cooley.

The six children of Emily Jane Stremich who survived her are Mary Jane Gibson Walley (complainant), a daughter; Lena Pearl Gibson Walley, a daughter and four sons, John Mizell (one of the appellants), Eugene Mizell, Tom Mizell and Arthur Mizell.

On October 14, 1946, John Mizell, Eugene Mizell, Arthur Mizell, Tom Mizell and Lena Pearl Gibson Walley executed a deed conveying their interest in the land to Rudolph Stremich. Thereafter on March 3, 1948, Rudolph Stremich executed a deed conveying his interest in the land to John Mizell (one of the appellants).

It is apparent from the foregoing statement that on the death of Emily Jane Stremich title to the lands vested in her children and grandchildren subject to the life estate therein of Rudolph Stremich, so that each child received an undivided 1/7th interest in the reversion and the 1/7th reversionary interest which Elizabeth Mizell Cooley would have received, if living, vested in her six children so that they each became the owner of a 1/42 interest in the reversion, subject also to the curtesy rights of their father Ezra Cooley. §§ 1, 2 and 12, Title 16, Code of 1940.

Omitting consideration for the moment of the deeds to which we have referred, Mary Jane Gibson Walley, who filed the bill, has an undivided 1/7th interest in reversion. In this situation she cannot maintain a bill for a sale for division against one holding a life estate because as a reversioner, she is without present right to the present use and enjoyment of the

304

property or to the proceeds thereof in case of sale. Fies et al. v. Rosser, 162 Ala. 504, 50 So. 287, 136 Am.St.Rep. 57; Wheat v. Wheat, 190 Ala. 461, 67 So. 417; Gaddy v. Mullens, 215 Ala. 664, 112 So. 133.

But it is argued that when the deed to Rudolph Stremich was executed, his life estate and the reversionary interest which he received thereunder became merged and this merged interest was conveyed to John Mizell when he in turn received his deed from Rudolph Stremich. The argument overlooks the fact that the deed to Rudolph Stremich only conveyed to him a 5/7th interest in the reversion. A 1/7th interest in the reversion was still outstanding in Mary Jane Gibson Walley (the complainant in the court below) and a 1/7th interest was still outstanding in the heirs of Elizabeth Mizell Cooley. Since Stremich only acquired a 5/7th interest in the reversion, there was only a pro tanto merger and his life estate in the remaining 2/7th of the reversionary interest remained unaffected. 21 C.J., pages 1036, 1037; 31 C.J.S., Estates, § 126; 4 Kent's Commentaries, 98–101; Clark v. Parsons, 69 N.H. 147, 39 A. 898, 76 Am.St.Rep. 157. In other words to effect a merger of the entire lesser estate for life with the greater estate in reversion, the respective interests must be coextensive and commensurate. John Mizell by the deed which he received from Rudolph Stremich succeeded to the rights and interests of Rudolph Stremich. But the two deeds in nowise changed the status of the complainant Mary Jane Gibson Walley with reference to this kind of a suit. John Mizell has the life estate in the 1/7th interest in the property in which she has a 1/7th reversionary interest. He also holds a life estate in the 1/7th interest of the grandchildren. She cannot force a sale for division with these life interests outstanding.

The appellee cites three Alabama decisions in support of her position as follows.

Fitts v. Craddock, 144 Ala. 437, 39 So. 506, 113 Am.St.Rep. 53; McQueen v. Turner, 91 Ala. 273, 8 So. 863 and McWhorter v. Cox, 209 Ala. 233, 96 So. 71. These cases are not in conflict however with the present holding since in each of these cases the complainants were entitled to a present use and enjoyment of the property or their share in the proceeds of sale. The distinction is pointed out in Fies et al. v. Rosser, supra.

It is finally contended that the present statute (§ 189, Title 47, Code of 1940) authorizes this suit, since the court under the provisions of the statute "may adjust, settle and determine all questions as to dower or curtesy as if separate proceedings had been brought to settle and determine these questions." This position is not correct. The present statute was not intended to change the rule laid down in Fies v. Rosser and the other cases cited above. The indispensable element of every compulsory partition is a cotenancy. As the holder only of an interest in reversion, Mary Jane Gibson Walley is in no sense either a joint owner or a tenant in common. Kelly v. Deegan, 111 Ala. 152, 20 So. 378; Cobb v. Frink, 200 Ala. 191, 75 So. 939; Letcher v. Allen, 180 Ala. 254, 60 So. 828; 33 C.J. p. 901; § 186, Title 47, Code of 1940.

The judgment of the lower court is reversed. The demurrer to the bill is sustained and the cause is remanded since we have considered only the feature of the case here discussed.

Reversed, rendered and remanded, the complainant being allowed thirty (30) days, within which to plead further as she may be advised, from the time the certificate of reversal reaches the lower court.

Reversed, rendered and remanded.

BROWN, FOSTER, LAWSON and SIMPSON, JJ., concur.