66 So.2d 176

**COMPTON et al. v. COOK et al.**

**4 Div. 712.**

Supreme Court of Alabama.
May 21, 1953.

Rehearing Denied June 30, 1953.

C. L. Rowe, Elba, for appellants.

258

J. A. Carnley, Elba, for appellees.

MERRILL, Justice.

This is an appeal from a decree granting relief to complainants, and dismissing respondents' cross-bill.

Mrs. Hattie Cook, one of the complainants, was the widow of J. L. Prescott who died in 1912. They had one child, Mary, now Mrs. Mary King, who is the other complainant. Mr. Prescott left surviving him seven grown children of a prior marriage and eight grandchildren who were the children of a deceased son. All of the descendants of Mr. Prescott by his first marriage were respondents in the court below and some of them are appellants in this Court. The respondent Mrs. Debbie Compton owns an undivided one-ninth interest along with Mrs. Mary King, one of the complainants. All of the other respondents are heirs of deceased brothers and sisters of Mrs. Compton.

Mr. Prescott's estate was administered in the Probate Court of Coffee County, Alabama; one hundred acres of his land being set apart to the widow, Mrs. Hattie Prescott (now Cook), and the then minor child, Mary Prescott (now King), for the period of the minority of the child and the life of the widow, and sixty acres of the lands were set apart to the widow as her dower. The balance of his lands were sold for the payment of debts and for distribution to the heirs at law and next of kin. The estate was solvent and was finally settled in 1914. The widow remarried one Bryan and they lived together about three years and in 1918 or 1919 the widow married one Cook and lived on the homestead

lands until after Cook's death in 1940. She remained in the actual or constructive possession of the lands. The question of absolute vesting of the homestead is not here involved.

The bill of complaint was filed in November 1949 by Mrs. Cook, the widow, and her daughter, Mrs. Mary King, and sought a sale of the dower and homestead one hundred and sixty acres of land for division of the proceeds among the joint owners after first ascertaining and paying to the widow the value of her dower in the dower tract of land and withdrawing two thousand dollars of the proceeds of the sale of the homestead tract for reinvestment for the use of the widow.

The respondents filed a demurrer to the bill and after it was overruled, they made their answer a cross-bill charging the life tenant with waste. After hearing the testimony, the court entered a decree of sale, as prayed for in the bill, and dismissed the cross-bill.

The contentions presented by the brief of appellants are: (1) that the bill is without equity because the widow and life tenant and one of the remaindermen cannot join as complainants in a bill for the sale of land for division, where the homestead and dower are involved; (2) that the life tenant was guilty of waste; (3) that the widow or dowress has no interest in standing timber growing on the dower land; (4) that if the widow is entitled to have her dower interest ascertained it should be based on the value of the land and not on the land and timber.

■ This case is governed by the law in force at the time of the husband's death both as to the homestead rights, Haynes v. Haynes, 236 Ala. 331, 181 So. 757, and as to computation of dower, McGregor v. McGregor, 249 Ala. 75, 29 So.2d 561. The law applicable to the homestead exemption is section 4196 of the Code of 1907, section 661, Title 7, Code of 1940, prior to amendments, which states in part: "and it [the homestead] shall not be sold or partitioned by order of any court until the death of the widow and the youngest child is of age, except by the order of the circuit

court in equity, for reinvestment, with the consent of the widow, in writing, if living."

■ This part of the section was construed to apply whether or not the estate was solvent. Matthews v. Goodenough, 206 Ala. 229, 89 So. 708. A position taken in the pleadings can operate as a written consent of a widow to the sale of her dower interest in a sale for division as required by section 2647, Code of 1907, section 271, Title 61, Code 1940. Boyles v. Wallace, 208 Ala. 213, 93 So. 908; McGregor v. McGregor, supra.

■ Appellants insist that the widow and one remainderman cannot maintain a bill for a sale for division of the homestead land and the dower land with the statutory value of the homestead to be withdrawn for reinvestment, and the value of the dower ascertained and allowed to the widow, over the protest of the other remaindermen. We agree that cotenancy is an indispensable element of compulsory partition. Cobb v. Frink, 200 Ala. 191, 75 So. 939; Street v. Watts, 202 Ala. 622, 81 So. 564; Mizell v. Walley, 253 Ala. 302, 44 So.2d 764.

■ Mrs. Cook is not a joint owner, but her daughter, Mrs. Mary King, is a joint owner with all the respondents. Mrs. King and the other remaindermen could not maintain a bill for the sale for division against Mrs. Cook who holds a life estate. Mizell v. Walley, supra. Mrs. Cook, the widow and life tenant, could not maintain a bill for a sale for division against the remaindermen, Clements v. T. S. Faulk & Co., 181 Ala. 219, 61 So. 264, but the statute permits the sale for division by order of the circuit court in equity for reinvestment with the consent of the widow. The widow has consented to the sale of her homestead and dower by becoming a party complainant, and Mrs. King, one of the remaindermen, has joined in asking that the one hundred acres allotted as a homestead be sold, and that from the proceeds of said sale a sum not exceeding the homestead exemption of $2,000 be reinvested for the benefit of the widow and that the widow's dower interest be ascertained in the sixty acres set aside as dower

and paid to the widow, and the balance of the proceeds from the sale of lands be distributed to the heirs at law. See Long v. Long, 195 Ala. 560, 70 So. 733.

We think this gives equity to the bill, both as to the homestead lands and the dower lands. This Court said in Williams v. Anthony, 219 Ala. 98, 121 So. 89, 90:

"(3) In a bill filed for partition under the statute the court may ascertain and decree the homestead and dower rights of the widow. Leddon v. Strickland [218 Ala. 436] 118 So. 651; Whitehead v. Boutwell [218 Ala. 109] 117 So. 623; Sandlin v. Anders, 210 Ala. 396, 98 So. 299. In a bill filed to invoke equity jurisdiction to settle and distribute the estate of a decedent certainly it could decree homestead and dower as an incident. This court, in the case of Bank of Hartselle v. Brindley, 213 Ala. 405, 104 So. 803, in effect overruled the case of Dudley v. Rye, 209 Ala. 164, 95 So. 810, in this respect."

Although the report of the Anthony case, supra, does not expressly show it, the original record reveals that the complainants were children of Caswell Williams, deceased, and all the respondents were his heirs except Sallie Williams who was his widow.

Equity courts have jurisdiction in sales for division, Title 47, section 186, and section 189, Code, reads as follows:

"If the title of the complainants seeking partition or sale of lands for a division shall be controverted, or should the title or claim of any of the parties to the cause be adverse to that of one or more of the other parties, it shall not be necessary for the court to dismiss the bill or delay the suit for an action at law to try the title, but the question of title shall be tried and determined in the suit by the circuit court, which shall have power to determine all questions of title, and to remove all clouds upon the title, if any, of the lands, whereof partition is sought and to apportion incumbrances, if partition be made of land incumbered and it be deemed proper to do so;

and the court may adjust the equities between and determine all claims of the several cotenants or claimants as well as the equities and claims of the incumbrancers; and may adjust, settle and determine all questions as to dower or curtesy as if separate proceedings had been brought to settle and determine these questions."

The Court considered this section (then Code 1907, section 5232) along with others in Sandlin v. Anders, 210 Ala. 396, 98 So. 299, 302, and concluded that their purpose was to settle all questions of title by whomsoever held in one suit in equity and states: "The proper parties include all persons claiming title to or incumbrances upon the lands or any part thereof, whether claiming through any of the tenants in common or otherwise."

We therefore hold that the homestead can be sold for reinvestment, the widow having consented as required by section 661, Title 7, Code 1940, section 4196, Code 1907, and likewise her dower interest can be sold at her request, the dower interest ascertained and the balance of the proceeds divided among the joint owners according to their respective interests, and that all these questions can be settled under section 189, Title 47, supra.

We now come to the charge in the cross-bill that the life tenant, Mrs. Cook, has committed waste by allowing the buildings and fences to deteriorate, by ceasing to cultivate the lands, and by permitting the place generally to be in a state of disrepair. At the time of Mr. Prescott's death in 1912, the farm house was in a good state of repair and was one of the better homes in the community. The farm was being cultivated, the tenant houses were livable and the fences in good condition. When the testimony was taken in 1952, the porch on the main house had fallen in, the barns and tenant houses had either disappeared or were not usable, the fences were down and most of the land had grown up in bushes, briers and trees. Mrs. Cook testified in effect that she had managed to keep the place in a reasonable state of repair and cultivation until the "Elba" flood in 1929; that the flood ruined the arable land and

since then she had trouble renting to tenants and that she was not physically able to tend the land herself; that she could not derive sufficient income from it and that she could no longer live on it.

However, during all these years the timber was growing. One timber buyer testified that the timber on seventy-five of the one hundred and sixty acres was as good as any timber in Coffee County. The value of the one hundred and sixty acres was variously estimated from $10,000 to $17,500.

The rule as to waste by a life tenant was announced in Alexander v. Fisher, 7 Ala. 514, where the Court said: "* * * the general criterion by which to determine whether waste has been committed, is, to ascertain whether lasting damage has been done to the inheritance, or its value depreciated." This case was followed in Guest v. Guest, 234 Ala. 581, 176 So. 289. In each of these cases, timber had been cleared to furnish new lands for cultivation, but the principle remains the same.

We cannot hold that lasting damage has been done to the inheritance by this life tenant, or that its value has depreciated when in 1913 the place, with the houses and the land in a high state of cultivation, was worth slightly in excess of $2,000 and now its value, with poor buildings and no land in cultivation, has increased four or five fold.

We cannot agree with appellants' contention that Mrs. Cook's dower should be limited to the lands separate and apart from the timber growing thereon. Dower is defined in Code 1940, Title 34, section 40, as "an estate for the life of the widow in a certain portion of the following *real estate* of her husband" etc. Timber or growing trees on land are a part of the realty. Ray v. Hilman, 229 Ala. 424, 157 So. 676; Smythe Lumber Co. v. Austin, 162 Ala. 110, 49 So. 875. Where dower exists only as to realty, timber while standing on the land is part of the realty and the widow's dower attaches. 28 C.J.S., Dower, § 15, p. 81.

The opinion in McGregor v. McGregor, supra [249 Ala. 75, 29 So.2d 563.], quotes from Upshaw v. Upshaw, 180 Ala. 204, 60 So. 804, 805, as follows: "For the purposes of homestead and dower the proceeds of the sale [for partition] will be treated as the land itself."

In view of the above, we think the lower court held correctly in that part of the decree which reads:

"That said real property hereinabove described cannot be equitably divided among the owners thereof without a sale of the same for division; that the said above described lands be sold as hereinafter directed, including the dower and homestead interests of Mrs. Hattie Cook, for the purpose of dividing the proceeds of said sale among the parties to this cause according to their respective interests.

"That said lands be sold in two separate parcels, the land above designated as Tract No. 1 being sold as one parcel, subject to the homestead rights of Mrs. Hattie Cook, for the purpose of reinvestment of an amount not exceeding two thousand dollars for the benefit of the complainant Mrs. Hattie Cook, and for the purpose of dividing the proceeds over and above the amount of $2,000.00 among the parties to this cause; and that the parcel of land described as Tract No. 2 be sold subject to the dower right of Mrs. Hattie Cook, for the purpose of dividing the proceeds from the sale thereof among the parties to this cause, after ascertaining and paying to Mrs. Cook her dower therein".

The court erred in the decree of sale in holding that Mrs. Beatrice Prescott had a dower interest in the lands, and that John Sharpless had a life interest in the lands. These parties were the spouses of deceased remaindermen who had never been beneficially seized in possession of these lands sometime during coverture. Dower does not attach to estates in remainder or in reversion. Bell v. Killian, 256 Ala. 24, 56 So.2d 604; Tilley v. Letcher, 203 Ala. 277, 82 So. 527; Code 1940, Title 34, section 40.

The decree of the circuit court will be reversed and remanded for correction in

the particulars pointed out and in all other respects it will be affirmed.

Reversed and remanded in part for correction in accordance with this opinion and affirmed in part.

LIVINGSTON, C. J., and LAWSON and STAKELY, JJ., concur.

### On Rehearing.

MERRILL, Justice.

The decree which was affirmed in part by this Court was a decree of sale of the homestead and dower lands of one of the complainants, Mrs. Hattie Cook. Among other things that decree provides that when the register reports the sale, "the court will * * * fix and ascertain the value of the homestead and dower interests of Mrs. Hattie Cook" etc.

 We think appellant is asking us to decide something which is not before us. The fixing and ascertainment of the value of the dower is a matter which will be before the circuit court, in equity, after the sale has been made and confirmed and the proceeds paid into court. We make the following notations and cite these cases merely for the lower court's convenience. We quote from Beavers v. Smith, 11 Ala. 20, at page 33:

"The dowress has but a life estate, where lands are assigned to her, and when from the necessity of the case, instead of the use of the land, she receives money, it should partake of the same qualities—the annual value of the portion which would have been assigned her, had it been practicable to do so. If the parties agree to a gross sum, as the value of the life interest, the court would of course give effect to it. In the absence of such an agreement, the decree must be for the payment * * * annually thereafter during the life of the dowress, of the sum ascertained to be the annual value of her dower interest." Sherard v. Sherard's Admr., 33 Ala. 488, 492; Thompson v. Thompson, 107 Ala. 163, 18 So. 247; Kelly v. Deegan, 111 Ala. 156, 20 So. 378; Chapman v. York,

212 Ala. 540, 103 So. 567; Etheredge v. Etheredge, 219 Ala. 660, 123 So. 48; 102 A.L.R. 971, 973, 979, 981; 33 Am. Jur., sections 272–274; Title 61, section 272, Code 1940.

The application for rehearing is overruled.

LIVINGSTON, C. J., and LAWSON and STAKELY, JJ., concur.