215 So.2d 715

**Joyce Ann Loy CURRY**

v.

**Cecil Wayne CURRY.**

**4 Div. 318.**

Supreme Court of Alabama.

Nov. 14, 1968.

Jas. M. Prestwood, Andalusia, for appellee.

KOHN, Justice.

This is an appeal from the circuit court of Covington County, Alabama, in equity. The primary issue in the court below involved the custody of two minor children of appellant (complainant below) and appellee (respondent below). The appellant is the

Powell & Sikes, Andalusia, for appellant.

mother of the children and lives in Forest Park, Georgia. The appellee (father), at the time of the trial, was living at the home of his mother and father in Red Level, Alabama.

Appellant raises, as a primary contention, the question of conflict in jurisdiction between the superior court, Clayton Judicial Circuit, State of Georgia, and the circuit court of Covington County, Alabama.

On June 30, 1967, appellant filed a bill in the above mentioned Georgia court seeking a divorce from appellee and seeking custody of the two minor children. The Georgia court awarded appellant temporary custody of the children on June 30, 1967.

On July 13, 1967, appellant filed a petition for an equitable writ of habeas corpus in the circuit court of Covington County, in equity, seeking to enforce the temporary custody order of the Georgia court. On July 24, 1967, complainant dismissed her petition for the equitable writ of habeas corpus.

On the same day appellant filed her bill of complaint in the circuit court of Covington County, in equity, seeking the custody of the two minor children. The next day she amended her bill of complaint. Subsequently on September 11, 1967, appellee filed an answer and cross-bill.

Thereupon, appellant filed a plea in abatement to the appellee's cross-bill.

As to the Georgia proceedings, above referred to, the superior court, Clayton Judicial Circuit, supra, on November 22, 1967, entered a final judgment and decree awarding custody of the minor children to the mother, who is now the appellant in the instant case before this court on appeal. In its decree, the Georgia court found factually that, at the time of the filing of plaintiff's petition and personal service had on the defendant, both the defendant and the children were domiciled in the Georgia County.

The next action in the Alabama court by appellant was the amendment to her bill of complaint on December 9, 1967, in the circuit court of Covington County, in equity, asking that full faith and credit be given to and enforcement had of the final decree of the Georgia court.

Appellee here (respondent below) then filed an answer to the amended bill of complaint. On the same day, February 6, 1968, the cross-respondent (appellant here) filed her answer to the cross-bill. Appellee, cross-complainant, on February 6, 1968, demurred to the cross-respondent's (appellant's) plea in abatement, and appellee (respondent) demurred to the bill of complaint, as last amended.

Submission was had on the bill of complaint, as last amended, the answer thereto, together with the cross-bill of complainant and the answer thereto.

From aught that appears, we may presume that the pleadings were in proper form when submitted. On submission, complainant offered no testimony except the authenticated copies of the proceedings in the Georgia superior court, supra, which had awarded custody of the two minor children to her, and complainant offered no evidence resisting the prayer of the respondent's cross-bill of complaint.

Respondent's (cross-complainant's) testimony was ore tenus.

The lower court found that the appellant was not a fit and proper person to have the custody of the two minor children; that the respondent (appellee) was a fit and proper person to have the custody of said minor children; and custody was awarded to the respondent (cross-complainant) (appellee).

The lower court further held that the decree of the Georgia court, supra, was not entitled to full faith and credit, for that the Georgia court did not have the jurisdiction of the minor children.

No further discussion of the details of the decree is necessary for a proper decision by this court.

There is no issue as to the appeal being properly before this court.

Here, it is obvious that complainant after seeking to invoke the jurisdiction of the circuit court of Covington County, in equity, which from aught that appears gave such court jurisdiction, complainant should not be permitted to assume an inconsistent position or question the legality of the proceedings. Keeping this in mind, with the further principle that the primary concern when dealing with infants is the best interest and welfare of the infants, and further bearing in mind that the residence of the children alone is usually enough to induce a court to accept jurisdiction in a custody case, we cannot say that the court erred in its decree.

We conclude that the evidence is undisputed on the question as to the fitness or unfitness of the respective parties relative to being proper persons to have the custody of the minor children. Therefore, no presumption is being indulged in favor of the findings of the trial court. We conclude, however, that the trial court's conclusions were correct.

If we are mistaken and if it could be construed that the evidence was in conflict, due to the documentary evidence introduced by the complainant in her exhibits (being the proceedings from the Georgia court), and since the evidence of the respondent was ore tenus, the trial court's conclusions are presumed to be correct and will not be disturbed.

The following decisions sustain the basis for our conclusions on this appeal. Lovelace v. McMillan, 265 Ala. 290, 90 So.2d 822; American Automobile Insurance Co. v. English, 266 Ala. 80, 94 So.2d 397; Pruitt v. Key, 281 Ala. 443, 203 So.2d 450; Clark v. Holland, 274 Ala. 597, 150 So.2d 702.

For the reasons noted, we conclude that the decree of the trial court should be affirmed.

Affirmed.

LIVINGSTON, C. J., and HARWOOD, J., concur.

COLEMAN, J., concurs in the result.