BRADLEY, Judge.
The appeal is from an order modifying a child custody decree. Michael Dimitro filed a complaint in the Circuit Court of Morgan County on March 23,1979 seeking a divorce from his wife, Barbara, and custody of a three year old son, the only child of the marriage. The court awarded temporary custody of the child to the father and certain visitation rights to the mother pending a hearing on the merits of the case.
The matter was set for final hearing on August 7, 1979. On that day the parties in open court entered into an agreement which was adopted by the court. The court also took into consideration the testimony previously offered in support of a motion for temporary custody. On that same day the court rendered a judgment in which it divorced the parties for incompatibility of temperament and ordered that the legal custody of the child remain with the court but that physical custody would be in the father during such periods when he was not *299 working and that physical custody of the child would be in the mother during those periods when the father was working. The parties were ordered not to remove the child from the jurisdiction of the court or the state without having obtained prior written consent of the other parent or permission of the court. The father was also ordered to pay the mother $25.00 a week as child support.
On November 13, 1979 the father filed a petition to modify the child custody portion of the decree, alleging that there had been a material change in circumstances since the August 8 custody decree and that he should be awarded permanent custody of his child with reasonable visitation rights accorded to the mother.
The matter came on for hearing before the court on June 11, 1980 and on July 7, 1980 the court awarded permanent custody of the child to the father and awarded the mother certain visitation rights. From this decree the mother appeals.
The mother argues in brief here that the trial court erred (1) in considering the petition to modify which was filed prior to the rendition of the final decree, (2) in modifying the prior custody decree to permit the father to have permanent custody of the child, (3) in decreeing that she could visit with the child only in Alabama and then only in the presence of the father, and (4) in considering the father’s petition for modification because he was at that time in contempt of court and therefore had unclean hands.
In support of her first issue, the mother argues that the last decree involving child custody and to which the petition for modification would relate was rendered on November 14, 1979, which was one day after the petition was filed. If this be true, there could be no changed circumstances which would support the modification petition. In other words the petition had been prematurely filed.
The father contends that the trial court rendered a final and valid judgment disposing of the custody of the child on August 8, 1979. He also points out that the mother, in the various motions and proceedings subsequent to August 8, 1979 and even in her answer and counterclaim to the petition to modify, averred that a judgment had been rendered on August 8, 1979. Consequently he submits that the mother should not at this late date be permitted to contend that the August 8, 1979 order was not a valid and binding judgment as to child custody.
A case will not be reviewed in an appellate court on a theory different from that on which it was tried in the trial court. City of Dothan v. Gulledge, 276 Ala. 433, 163 So.2d 217 (1964). Neither will a complainant in a child custody case be permitted to assume an inconsistent position on appeal with that taken in the trial court on the question of jurisdiction or legality of the proceedings. Curry v. Curry, 283 Ala. 272, 215 So.2d 715 (1968). Consequently, we conclude that the mother cannot now assert that the August 8, 1979 order was not a valid judgment as to child custody.
Notwithstanding our conclusion that the mother may not now rely on the contention that the August 8,1979 order was not a valid and binding child custody decree, the trial court, as a result of motions by both parties, set for hearing on November 5 the question of whether a final decree had in fact been rendered on August 8, 1979. On November 5, 1979 a hearing was held and on November 14, 1979 the trial court put into writing the decree that was rendered on August 8, 1979. The record clearly reveals that the trial court, with the parties and their attorneys present, decided the major issues of this case, including child custody, child support, and child visitation, on August 8,1979. It is also clear from the record that the mother considered the August 8,1979 decree to be a final one and she objected to its being set aside.
We, therefore, consider the August 8, 1979 decree to be the last custody decree affecting the welfare and best interests of the parties’ child which was rendered prior to the filing by the father of his petition to modify child custody. Such a conclusion is in keeping with our holding in Hallford v. *300 Hallford, Ala.Civ.App., 390 So.2d 295 (1980) where we said that a petition to modify is referable to “the last custody decree which has so affected the welfare and best interests of the children as to require a change in custody.”
Please note that the controversy in this case over the date of the judgment has to do with whether the modification petition was prematurely filed and not whether the judgment will support an appeal. See McGraw v. McGraw, 282 Ala. 7, 208 So.2d 206 (1968) and Rule 58(a), ARCP.
The father’s petition to modify was filed on November 13, 1979 and it alleged a material change in circumstances necessitating a change in the custody of the child and in visitation privileges previously accorded to the parties. On July 7, 1980 the trial court found that the father had sustained the burden cast upon him and placed permanent custody of the child in him and gave the mother certain visitation privileges.
The mother argues here that the trial court erred in its award of permanent custody of the child to the father. She also contends that to require her to visit her son only in the daytime and in the presence of the father or some other responsible person in Decatur, Alabama, when her home is in St. Louis, Missouri, is to effectively deny her visitation with her son and is, therefore, error. We disagree.
In Hallford v. Hallford, supra, we said the moving party in a child custody modification proceeding has the burden of proving a material change in circumstances since the last decree affecting custody. In deciding whether the moving party has sustained his burden, the trial court may consider not only relevant evidence tending to prove or disprove changed circumstances since the custody decree but also may consider facts which were known but not disclosed to the court at the original divorce proceeding. Roberson v. Roberson, Ala.Civ. App., 370 So.2d 1008, cert. denied, Ala., 370 So.2d 1012 (1979). And, where the trial court modifies the prior custody decree, its decision will not be set aside unless it be shown that the judgment is plainly wrong. Quinn v. Quinn, Ala.Civ.App., 351 So.2d 925 (1977).
The evidence shows that the trial court on August 8, 1979 retained legal custody of the child but gave the physical custody to the father when he was not working and to the mother when he was working. Shortly after August 8 the mother left Alabama and went back to St. Louis, Missouri where her father lived and where the parties had lived for several years. From this time until the hearing on the modification petition, the father has had the child for the major portion of this period.
There is substantial evidence that the mother did not properly care for the child when he was in her custody. There was evidence that she had no patience with the child and used more force than necessary to discipline him. There is also evidence that she used drugs and that she engaged in sexual relations with several men, including a fifteen year old boy, and some of these affairs took place in her apartment when she had custody of the child. At the hearing before the court on November 5, 1979 she was pregnant by a man other than Michael but did not apprise the court of this fact.
The evidence also shows that in December 1979 during a visit with the child in Decatur and after being told by the judge not to take the child out of Alabama, the mother took the child to St. Louis, Missouri, necessitating legal action by the father to recover custody of his son. For this infraction of the custody decree the mother was held in contempt and fined $50.00.
The evidence introduced on behalf of the father shows that he is regularly employed and living in Decatur with his mother and an eighteen year old .sister. When the father is working, his mother and sister care for the child. When the father is at home he spends a great deal of time with his son.
There is evidence that the father had in the past used drugs but that he has not had any drugs since 1977.
*301 Based on the evidence received by the trial court we cannot say that its award of permanent custody to the father is plainly and palpably erroneous. Neither can we say that the trial court’s decree requiring the mother to visit the child in the presence of the father or some other responsible person is palpably erroneous especially in view of the evidence that the mother after being specifically admonished not to remove the child from the jurisdiction of the court did in fact do just that.
The mother’s final contention is that the father had unclean hands when he filed the child custody modification petition because he was in arrears in child support payments, and, therefore, he should not have been given any relief. This issue was raised by defendant in her counterclaim to the modification petition wherein she sought permanent custody of the parties’ minor child.
The record reflects that evidence was received by the trial court at the hearing on the modification petition relating to the father’s payment of family debts as ordered by the August 8, 1979 decree and relating to the payment of child support by the father. And, we are not persuaded that the trial court’s failure to find in favor of the mother on this aspect of her counterclaim is plainly and palpably wrong.
For the reasons above noted the judgment of the trial court is affirmed.
Both parties have moved this court for the award of an attorney’s fee on appeal, and, after due consideration, these motions are denied.
AFFIRMED.
WRIGHT, P. J., and HOLMES, J., concur.