EDWARD N. SCRUGGS, Retired Circuit Judge.
This is a divorce-child custody case which is complicated by the involvement of two courts in Alabama and one in California.
On October 11, 1985, the husband filed his petition in the Juvenile Court of Geneva County (juvenile court). He averred that the wife had abused their two minor children, who were in need of supervision; that he had removed the children from their California home; and that it was his intention to seek a divorce. He sought the temporary custody of the children pending the divorce litigation of the parents. The juvenile court granted their temporary custody to him on October 15, 1985, without a prior hearing and without notice to the wife.
The husband filed his divorce complaint in the Circuit Court of Geneva County (circuit court) on November 6, 1985, and he prayed for both pendente lite and permanent custody of the two children. The wife filed her motion to dismiss the husband’s complaint on the grounds that California was the home state of the parties and children; that California had jurisdiction to hear any matter regarding the children’s custody; that the husband is a resident of California and has not established a legal residence in Alabama; and that her divorce petition involving these same issues was filed on October 15, 1985, and is pending in a California court. She attached exhibits and her affidavit to her motion to substantiate its allegations. The wife’s motion was granted by the circuit court on December 13, 1985, and that judgment contained this provision, “All orders of the Alabama Courts heretofore granted are hereby declared null and void.” The husband timely filed a motion for a rehearing and it was overruled by the circuit court on January 31, 1986.
In the meantime, the wife, her attorney and the husband’s attorney were present at an evidentiary hearing on January 17,1986, in the California divorce case, and pendente lite custody of the children was granted to the wife by the California court on January 21,1986, with the husband being ordered to return the children to the wife by January 26, 1986.
On January 22, 1986, the juvenile court entered an order that any hearings therein were continued until the circuit court determined the jurisdiction of the juvenile court to hear the matter and, after some intervening orders, the juvenile court dismissed the case on February 5, 1986, its stated reasons for such action being: the circuit court’s order of December 13, 1985, additional reflection by the juvenile court, the juvenile court’s order of January 22, 1986, *168 and the circuit court having heard the case as to jurisdiction on two separate occasions and having declared the California court to be the proper forum. No appeal has ever been taken by either party from any judgment of the juvenile court in this case.
On February 7,1986, the husband sought mandamus in this court concerning the circuit court’s December 13,1985 and January 31,1986 judgments. We denied mandamus on February 27, 1986.
The wife filed a motion in the circuit court on February 18, 1986, to require the husband to return the children to California. On February 28, 1986, the circuit court ordered the sheriff to obtain their custody and to deliver the children to the Geneva County Department of Pensions and Security (D.P.S.) which, in turn, was directed to give custody of the children to the wife when she came from California after them. A few days later the wife obtained their physical custody from D.P.S. and returned to California with them.
The husband appealed to this court, and it has only recently been submitted for our decision.
He first contends that the circuit court unlawfully and wrongfully usurped the jurisdiction of the juvenile court to try the custody aspect since, under § 12-15-30(c)(1)(a) of the Code of Alabama 1975, the juvenile court has original jurisdiction over any child who is subject to physical, mental or emotional abuse. We disagree because of the somewhat unusual factual situation here existing and because of certain legal principles.
Where a family court acquires jurisdiction over a minor child for emergency purposes, it may issue custody orders. Roberson v. McAliley, 387 So.2d 840 (Ala.Civ. App.1980). However, the juvenile court also has the authority to transfer such proceedings to another appropriate court, or to defer to another court’s decision, even though a child allegedly was mentally or physically abused. Ex parte Sumner, 451 So.2d 308 (Ala.Civ.App.1984). That, in substance, is the effect of the juvenile court judgments of January 22, 1986 and February 5, 1986.
The husband’s petition in the juvenile court sought a temporary custody order from that court “pending divorce litigation” of the parents. Subsequently, when the husband filed the divorce complaint, he specifically sought the custody of the two children through that divorce action. Normally, the circuit court has jurisdiction to decide child custody disputes in divorce cases.
“While it is well settled that jurisdiction of the subject matter of a controversy must exist as a matter of law, and may not be conferred by mere consent of the parties or by estoppel, nevertheless, if the subject-matter is within the jurisdiction of the court and its jurisdiction is invoked by the usual form and mode of procedure, and the court has proceeded to determine the controversy, the party or parties invoking its jurisdiction will not be permitted to assume an inconsistent position in the same proceedings or question the regularity thereof.
“This principle not only applies to the proceedings in the court at nisi prius, but applies to the proceedings on appeal.” (Citations omitted.)
Ray v. Hitman, 229 Ala. 424, 157 So. 676 (1934).
In Curry v. Curry, 283 Ala. 272, 215 So.2d 715 (1968), the wife, who sought to enforce a Georgia court’s custody judgment in an Alabama circuit court, appealed to the supreme court after an adverse decision in the circuit court, and it was determined on appeal that she could not question the legality of the circuit court proceedings since she had invoked the jurisdiction of the circuit court as to the custody of her children.
Here, the husband invoked the jurisdiction of the circuit court as to the custody of his children, and the circuit court decided that the California court was the proper forum for the litigation. His present argument falls somewhat under the doctrine of “invited error,” State Farm Mutual Automobile Insurance Company v. Humphres, *169 293 Ala. 413, 304 So.2d 573 (1974), and we cannot permit him to avail himself of error, if any, which he induced the circuit court to commit by reason of his own invocation of the jurisdiction of the circuit court as to the children’s custody.
Since the circuit court had jurisdiction concerning child custody through the divorce complaint which the husband filed, and since the husband sought a temporary custody order in the juvenile court pending divorce litigation, we feel that the circuit court’s action in voiding the juvenile court’s temporary custody order was a valid part and parcel of the circuit court’s December 13,1985 judgment of dismissal and its February 28, 1986 order enforcing the California court’s custody judgment. Such validity was enhanced by the juvenile court’s judgments of January 22, 1986 and February 5, 1986.
Since the juvenile court’s final judgment of February 5, 1986 was never appealed, it cannot be collaterally attacked, set aside or reversed and its temporary custody order cannot be reinstated through the present appeal. Consequently, portions of the husband’s argument through his capable counsel are moot.
For the above reasons, we find no error as to the first issue before us.
Secondly, the husband contends that no order enforcing the California court’s judgment could be entered by the circuit court because of the mandamus proceeding which he had filed in this court. The circuit court’s enforcement order was rendered and entered on February 28, 1986, while mandamus had been denied on February 27, 1986. We have no difficulty in holding the enforcement order to have been timely made, since it was not entered during the pendency of the mandamus proceedings.
We affirm since we find no error concerning the two issues which were presented to us by able counsel. Nevertheless, we opine that the learned circuit court complied with the provisions and spirit of the Alabama Uniform Child Custody Jurisdiction Act and of the federal Parental Kidnapping Prevention Act and that the circuit court properly determined thereunder that the proper forum in which to litigate the custody of these children was in their home state of California.
The foregoing opinion was prepared by retired Circuit Judge EDWARD N. SCRUGGS, serving on active duty status as a judge of this court under the provisions of § 12-18-10(e) of the Code of Alabama 1975, and this opinion is hereby adopted as that of this court.
AFFIRMED.
All the Judges concur.