EDWARD N. SCRUGGS, Retired Circuit Judge.
The father and his fourteen-year-old daughter conferred with a representative of the Department of Human Resources (department). At that time both of them were in apparent accord that they were incompatible and that they disagreed with each other to the extent that the daughter should not reside with the father until she had received counseling which improved her mental attitude and emotional health. The father signed a petition, and it was filed in the juvenile court. The petition averred that the daughter was in need of supervision because she disobeyed reasonable rules of the father. An adjudicatory hearing was held on November 5, 1987, with the necessary parties and their attorneys being present. The evidence which was presented at that hearing is not before us. On that date, the child was determined by the juvenile court to be in need of supervision, and she was committed to a girl’s youth house until January 1988, when a further hearing would be held. The department was directed to investigate the homes of the parents and to file its written reports prior to the January hearing. On the basis of the November 5, 1987, evidence, the juvenile court on January 28, 1988, adjudged the daughter to be a dependent child, and the juvenile court expressly found that the father lacked the necessary parenting skills for controlling a *871 girl fourteen years of age. After a disposi-tional hearing was held on January 28, 1988, the daughter was ordered to continue with her mental health counseling, and the mother was granted the temporary custody of the daughter, with the department to make monthly reports to the juvenile court.
The father timely appealed and argues that the juvenile court had no jurisdiction to determine the custody of the child since the Circuit Court of Baldwin County had earlier obtained continuing jurisdiction over the daughter when the parents were divorced by the circuit court and custody orders as to the daughter were made, the latest such order having awarded the daughter’s custody to the father.
The father’s contention is without merit since this juvenile case is not a child custody dispute between parents under § 12-15-30(b)(1) of the Alabama Code of 1975, but it is a juvenile case to determine the child’s dependency which was raised by the father’s petition alleging the child’s incorrigibility. Accordingly, the juvenile court had exclusive original jurisdiction pursuant to § 12-15-30(a)(1), Code 1975. Carter v. Jefferson County Department of Pensions & Security, 496 So.2d 66 (Ala.Civ.App.1986).
Additionally, while subject matter jurisdiction must exist as a matter of law and may not be conferred by mere consent of the parties or by estoppel, if the jurisdiction of the trial court is invoked in the usual form and the subject matter is within the trial court’s jurisdiction, and the trial court has proceeded to determine the controversy, the party invoking its jurisdiction will not be permitted to assume an inconsistent position thereon in the same proceedings or to question the regularity thereof either in the trial court or on appeal. Curry v. Curry, 283 Ala. 272, 215 So.2d 715 (1968); Ray v. Hilman, 229 Ala. 424, 157 So. 676 (1934); Crawford v. Crawford, 497 So.2d 166 (Ala.Civ.App.1986). As we have previously indicated, the juvenile court is granted exclusive original jurisdiction over proceedings in which a child is alleged to be delinquent, dependent, or in need of supervision. § 12-15-30(a)(1), Code 1975. That jurisdiction of the juvenile court was invoked by the father’s petition, and he cannot now question its regularity or pursue his present inconsistent position thereon.
We affirm.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.