MOORE, Judge,
concurring in the result.
Section 12-15-114, Ala.Code 1975, a part of the Alabama Juvenile Justice Act (“the AJJA”), § 12-15-101 et seq., Ala.Code 1975, provides, in pertinent part:
“(a) A juvenile court shall exercise exclusive original jurisdiction of juvenile court proceedings in which a child is alleged to have committed a delinquent act, to be dependent, or to be in need of supervision. A dependency action shall not include a custody dispute between parents.”
(Emphasis added.) In my dissent in T.K v. M.G., 82 So.3d 1 (Ala.Civ.App.2011), cert. quashed, 82 So.3d 8 (Ala.2011), I argued that, based on the language of § 12-15-114, “no custody dispute between parents can ever be characterized as a dependency action” and that “the legislature intended that a noncustodial parent cannot invoke the dependency jurisdiction of a juvenile court by filing a petition naming the custodial parent as a defendant, asserting the dependency of the child, and requesting a transfer of the custody of the child to the noncustodial parent.” 82 So.3d at 7 (Moore, J., dissenting). However, a majority of this court disagreed with me, so, as the law currently stands, one parent may invoke the dependency jurisdiction of a juvenile court by alleging the dependency of a child who is in the custody of the other parent and by seeking an award of custody of that child.
In this case, S.K. (“the mother”) filed a petition in the Montgomery Juvenile Court (“the juvenile court”) asserting that N.B., Jr. (“the child”), had been removed from his home pursuant to a safety plan instituted by the Montgomery County Department of Human Resources (“DHR”); the mother alleged the dependency of the child and sought custody of the child. N.B., Sr. (“the father”), also filed a petition in which, in addition to alleging the dependency of the child, he asserted that he had obtained custody of the child through the safety plan and that he wanted to maintain custody of the child. Those petitions set out a custody dispute between the parents, but they also alleged dependency, with sufficient factual averments to fall within the holding of the majority in T.K. v. M.G. Therefore, despite my continued disagreement with the holding in T.K, I agree with the main opinion that the petitions in this case invoked the dependency jurisdiction of the juvenile court.
After the juvenile court ordered DHR to investigate the allegations in the petitions and to study the homes of the parents, DHR filed a motion to transfer the ease to the domestic-relations division of the Montgomery Circuit Court. In that motion, DHR asserted that the matter involved a “straight custody dispute” and that the child had not been previously before the juvenile court in any other matter, which would have invoked the continuing jurisdiction of the juvenile court under Ala.Code 1975, § 12-15-117.1. The juvenile court did not expressly rule on DHR’s motion, but it impliedly denied the motion by refusing to transfer the case and proceeding to a trial on the petitions. Given the absence of any basis for continuing jurisdiction appearing in the record, see D.G. v. K.H., 155 So.3d 242 (Ala.Civ.App.2013) (holding that the basis of a juvenile court’s jurisdiction must appear on the face of the proceedings), the juvenile court in this case evidently concluded that it had subject-matter jurisdiction under § 12-15-114 to adjudicate the dependency petitions.
In its final judgment, the juvenile court did not explicitly find the child dependent. See Rule 25A, Ala. R. Juv. P. (requiring express findings in dependency cases). However, the juvenile court did award the father custody, subject to his submitting to *33 random drug screenings, and did place restrictions on the mother’s visitation with the child in order to safeguard the child. This court has held that a written finding of dependency is not required when that finding may be inferred from the judgment. See M.B. v. R.P., 3 So.3d 237 (Ala.Civ.App.2008). Section 12-15-314(a)(l) provides that a juvenile court may award custody of a dependent child to a parent “subject to conditions and limitations as the juvenile court may prescribe.” Thus, it can be inferred from the conditions and limitations placed on the custody and visitation of the parents that the juvenile court did find the child dependent. Thus, the adjudication of the custody of the child would be within the subject-matter jurisdiction of the juvenile court.
In In re Nelson, 528 So.2d 870 (Ala.Civ.App.1988), a father filed a petition in the Baldwin Juvenile Court alleging that his child was in need of supervision. The Baldwin Juvenile Court later adjudicated the child dependent and awarded temporary custody of the child to the child’s mother, subject to monitoring by the local department of human resources. The father appealed, asserting that the Baldwin Juvenile Court could not adjudicate the custody of the child because the Baldwin Circuit Court had exclusive continuing jurisdiction over that issue based on a prior divorce and child-custody judgment that it had entered. This court rejected that argument, holding that the juvenile court had adjudicated a dependency petition, not a child-custody dispute. This court continued:
“Additionally, while subject[-]matter jurisdiction must exist as a matter of law and may not be conferred by mere consent of the parties or by estoppel, if the jurisdiction of the trial court is invoked in the usual form and the subject matter is within the trial court’s jurisdiction, and the trial court has proceeded to determine the controversy, the party invoking its jurisdiction will not be permitted to assume an inconsistent position thereon in the same proceedings or to question the regularity thereof either in the trial court or on appeal.... [The dependency] jurisdiction of the juvenile court was invoked by the father’s petition, and he cannot now question its regularity or pursue his present inconsistent position thereon.”
528 So.2d at 871.
In this case, the mother, having invoked the dependency jurisdiction of the juvenile court, having failed to respond to the motion of DHR to transfer the case, and having allowed the case to proceed to an adjudication, cannot now, after having received an unfavorable result, attack the judgment on the ground that the juvenile court lacked subject-matter jurisdiction. Therefore, I concur that the judgment is not due to be reversed on that basis.
I also agree that the mother has not complied with Rule 28(a) (10), Ala. R.App. P., in regard to her argument that the juvenile court erred in awarding custody of the child to the father. However, because the best interests of a child are at stake, I believe this court should overlook that deficiency. See B.C. v. A.A., 143 So.3d 198, 208 (Ala.Civ.App.2013) (Moore, J., concurring in part and dissenting in part) (arguing that appellate court should not strictly enforce Rule 28(a)(10), Ala. R.App. P., when the best interests of a child are at issue). The record reveals that the father certainly does not represent an ideal parent, but the juvenile court had sufficient evidence before it to determine that it would serve the best interests of the child to be in the father’s custody, subject to the conditions outlined in the judgment. Hence, the juvenile court complied with *34 § 12-15-314(a), and I agree that the judgment should be affirmed.