Rel: January 26, 2024

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# ALABAMA COURT OF CIVIL APPEALS

## OCTOBER TERM, 2023-2024

———————————————

### CL-2023-0200

———————————————

### J.N.T.

### v.

### T.T.S.

### Appeal from Lee Circuit Court
### (DR-22-76)

MOORE, Judge.

J.N.T. ("the mother") appeals from a February 28, 2023, judgment entered by the Lee Circuit Court ("the circuit court") awarding her and

T.T.S. ("the father") joint custody of their minor child. We reverse the judgment and remand the case with instructions.

Background

The mother and the father, who were never married, had a child together; the child was born on February 13, 2021. On March 7, 2022, the State of Alabama filed, on behalf of the mother, a petition in the Lee Juvenile Court ("the juvenile court") seeking to establish the paternity of the child and to obtain an award of child support on behalf of the mother and the child; that action was assigned case number CS-22-90051 ("the CS action"). See Ala. Code 1975, § 12-15-115(a)(6) (stating that a juvenile court has original jurisdiction over "[p]roceedings to establish parentage of a child pursuant to the Alabama Uniform Parentage Act, Chapter 17 of Title 26"). On July 7, 2022, the juvenile court entered a judgment ("the CS judgment") adjudicating the paternity of the child and ordering the father to pay the mother child support for the benefit of the child. The CS judgment further provided:

> "Except as otherwise stated herein, any custody implied by the entry of this Order of Support shall be considered temporary and pendente lite for 180 days following the day of entry. After the 180th day, it will automatically become a

2

> Final Order of Custody unless the non-custodial parent files a petition for a different custody order, in which case the custodial implications of this Order will remain pendente lite until the Court finally resolves the issues of custody."

Despite that language, the conclusion of the judgment provides that the judgment "is a final order. The Clerk is directed to mark this case as disposed."

On June 9, 2022, approximately a month before the CS judgment was entered, the mother filed in the circuit court a pro se petition seeking sole custody of the child. The circuit-court clerk treated that petition as commencing a new domestic-relations action in the circuit court and assigned the action case number DR-22-76 ("the DR action"). On July 8, 2022, the day after the CS judgment was entered, the father filed in the DR action a counterclaim seeking joint custody of the child. On January 10, 2023, the State of Alabama filed in the juvenile court, on behalf of the mother, a petition seeking to hold the father in contempt, alleging that the father had refused to pay child support as ordered in the CS judgment; that action was assigned case number CS-22-90051.01 ("the contempt action").

3

On February 27, 2023, the parties appeared before Judge Michael C. Fellows, who serves as a judge of both the circuit court and the juvenile court, for a hearing on the mother's petition for custody and the father's counterclaim for custody in the DR action. At the commencement of the hearing, the parties agreed that Judge Fellows could also hear the contempt petition, so he informally consolidated the DR action and the contempt action for trial purposes. See Rule 42(a), Ala. R. Civ. P. On February 28, 2023, Judge Fellows entered identical judgments in the DR action and in the contempt action, awarding the parties joint legal and joint physical custody of the child,[1] among other things.

On March 15, 2023, the mother, through newly retained counsel, filed identical postjudgment motions in the DR action and in the contempt action, requesting that the judgments be vacated for lack of subject-matter jurisdiction or, in the alternative, that the judgments be amended to award her sole custody of the child. On March 17, 2023, Judge Fellows entered identical orders in the DR action and in the

---

[1]In the caption of the judgments, Judge Fellows also referred to the CS action, so he may have entered an identical judgment in that case, but we do not have the record from the CS action before us.

4

contempt action, denying the postjudgment motions. On March 30, 2023, the mother filed a notice of appeal from the judgments entered in the DR action and in the contempt action.[2]

We conclude that we have appellate jurisdiction over the judgment entered in the DR action because the judgment resolves all of the claims the parties raised in that action, making the judgment final and appealable. See Nettles v. Rumberger, Kirk & Caldwell, P.C., 276 So. 3d 663, 667 (Ala. 2018). The final judgment in the DR action was entered on February 28, 2023; the mother timely filed a postjudgment motion 15 days after the entry of the final judgment, see Rule 59, Ala. R. Civ. P.; and the mother timely filed a notice of appeal within 42 days of the order denying the postjudgment motion. See Rule 4, Ala. R. App. P.

Issues

The mother argues that the circuit court erred in declining to vacate the judgment entered in the DR action because, she says, it was entered

---

[2]This court dismissed the appeal that was taken from the judgment entered in the contempt action because we concluded that the judgment did not adjudicate the pending contempt petition relating to the father's alleged nonpayment of child support, rendering that judgment nonfinal. See Gilbert v. Nicholson, 845 So. 2d 785 (Ala. 2002).

without subject-matter jurisdiction. The mother also argues that the circuit court erred in awarding the parties joint custody of the child because, she says, the circuit court failed to properly apply the custody-modification standard set out in Ex parte McLendon, 455 So. 2d 863 (Ala. 1984).

Subject-Matter Jurisdiction

The circuit court is a court of general jurisdiction with jurisdiction over all cases unless otherwise provided by law. Ala. Const. 2022, Art. VI, § 142(a). The circuit court has equity jurisdiction over child-custody actions. See Hornbuckle v. Hornbuckle, 223 So. 3d 225, 230 (Ala. Civ. App. 2016) ("[A] circuit court's equity power provides the circuit court with inherent authority to make determinations regarding custody when a child is before the circuit court."). In this case, the circuit court had the general power to make a child-custody determination. The mother argues, however, that the circuit court did not have the power to determine the custody of the child in this case because the juvenile court had continuing, exclusive jurisdiction over the custody of the child.

The record shows that the juvenile court obtained jurisdiction over the custody of the child upon the commencement of the CS action. See Ala. Code 1975, § 26-17-636(g) (providing that a judgment entered in a parentage action "may contain any other provision directed against the appropriate party to the proceeding, concerning ... the custody and visitation of the child ...."). At the time the mother filed her custody petition in the DR action, the juvenile court had not made a child-custody determination in the CS action, so the circuit court had concurrent jurisdiction over the custody issue. See Ex parte F.T.G., 199 So. 3d 82 (Ala. Civ. App. 2015).

On July 7, 2022, the juvenile court entered a judgment adjudicating the paternity of the child, awarding the mother child support, and impliedly awarding the mother sole custody of the child. See K.G. v. J.J., 295 So. 3d 700, 702 (Ala. Civ. App. 2019) (holding that award of child support to mother in parentage action implies an award of sole custody of child to mother). However, the circuit court did not treat the CS judgment as resolving the issue of the custody of the child. The juvenile court referred to the child-custody determination as a "pendente lite"

7

order that would only become final after 180 days if the father failed to file a petition seeking a different custody award within that period. On July 8, 2022, the father filed a counterclaim in the DR action seeking joint custody of the child. The circuit court treated that counterclaim as seeking reconsideration of the "pendente lite" sole custody award to the mother.

Despite the language in the CS judgment, the child-custody determination was not a pendente lite custody order. A pendente lite order is one that is effective only during the pendency of litigation in an existing case. C.B.S. v. Walker Cnty. Dep't of Hum. Res., 331 So. 3d 607, 615 (Ala. Civ. App. 2020). Once the juvenile court adjudicated all the issues in the CS action, that case was concluded, so the child-custody determination made in the CS judgment was not a "pendente lite" order. The language referring to the judgment as a "pendente lite" custody order and purporting to retain jurisdiction over the case to reconsider the "pendente lite" custody award was ineffective. See Smith v. Fruehauf Corp., 580 So. 2d 570, 572 (Ala. 1991) (holding that a final judgment is not rendered interlocutory by referring to the judgment as nonfinal or

8

retaining the case on the docket). The CS judgment contained a final child-custody determination that governed the custody of the child unless and until it was modified. See Ex parte J.P., 641 So. 2d 276, 278 (Ala. 1994) (citing Sims v. Sims, 515 So. 2d 1 (Ala. Civ. App. 1987)). The circuit court erred to the extent that it treated the DR action as one seeking an initial child-custody determination.

Section 12-15-115(a)(7), Ala. Code 1975, vests juvenile courts with original jurisdiction over "[p]roceedings to establish, modify, or enforce support, visitation, or custody when a juvenile court previously has established parentage." See also Ala. Code 1975, § 12-15-117(a) (clarifying that juvenile courts retain continuing jurisdiction over cases as provided in § 12-15-115). When a juvenile court enters a final judgment impliedly awarding a parent sole custody of a child in a paternity action, the juvenile court retains jurisdiction over any subsequent actions to modify the custody of that child. See K.G., supra; Ex parte Washington, 176 So. 3d 852 (Ala. Civ. App. 2015); Moore v. Griffin, 256 So. 3d 1201 (Ala. Civ. App. 2018). In Ex parte F.T.G., supra, this court held that a circuit court with concurrent jurisdiction over the

custody of a child could exercise that jurisdiction to modify the initial child-custody determination of a juvenile court because the continuing jurisdiction of a juvenile court over the custody of a child is not "exclusive" in such cases. Contrary to the mother's assertion, the circuit court had concurrent subject-matter jurisdiction to modify the CS judgment.

In this case, the mother invoked the jurisdiction of the circuit court when she filed her petition for custody in the DR action. The DR action proceeded to judgment on the competing custody claims. After receiving an unfavorable judgment, the mother, for the first time, raised an objection to the circuit court's exercising jurisdiction over the custody claims in her postjudgment motion. In In re Nelson, 528 So. 2d 870 (Ala. Civ. App. 1988), this court said:

> "[W]hile subject[-]matter jurisdiction must exist as a matter of law and may not be conferred by mere consent of the parties or by estoppel, if the jurisdiction of the trial court is invoked in the usual form and the subject matter is within the trial court's jurisdiction, and the trial court has proceeded to determine the controversy, the party invoking its jurisdiction will not be permitted to assume an inconsistent position thereon in the same proceedings or to question the regularity thereof either in the trial court or on appeal. ... [The dependency] jurisdiction of the juvenile court was invoked by the father's petition, and he cannot now question its

regularity or pursue his present inconsistent position thereon."

528 So. 2d at 871. Based on In re Nelson, the circuit court was correct in denying the mother's postjudgment motion. We find no basis for reversing the circuit court's judgment based on the alleged lack of subject-matter jurisdiction.

## Custody Modification

As noted, the parties and the circuit court treated the child-custody determination in the CS judgment as a pendente lite order. As a result, the circuit court did not apply the custody-modification standard set forth in Ex parte McLendon, 455 So. 2d 863 (Ala. 1984), when adjudicating the custody claims. See Sims v. Sims, 515 So. 2d 1, 3 (Ala. Civ. App. 1987) (holding that McLendon standard does not apply to proceedings to establish initial child-custody determination following entry of pendente lite custody order). As the mother argued in her postjudgment motion, the circuit court should have applied the McLendon standard because the CS judgment was a final judgment awarding sole physical custody of the child to the mother that could be modified only in accordance with that standard. See M.R.J. v. D.R.B., 17 So. 3d 683, 685 (Ala. Civ. App. 2009)

11

(citing <u>T.B. v. C.D.L.</u>, 910 So. 2d 794 (Ala. Civ. App. 2005)) (holding that implied award of sole physical custody to mother could be modified based only on <u>McLendon</u> standard).

> "To meet that burden, the party petitioning for modification must prove to the satisfaction of the trial court (1) that the circumstances upon which the original judgment was based have changed, (2) that he or she is fit to act as a custodian for the child, and (3) that '"the positive good brought about by the modification ... more than offset[s] the inherently disruptive effect caused by uprooting the child."' <u>Ex parte McLendon</u>, 455 So. 2d 863, 865 (Ala. 1984) (quoting <u>Wood v. Wood</u>, 333 So. 2d 826, 828 (Ala. Civ. App. 1976)). On appeal, this court presumes the correctness of a judgment based upon evidence presented ore tenus. <u>Ex parte Bryowsky</u>, 676 So. 2d 1322, 1324 (Ala. 1996).
>
>> "'"[W]e will not reverse [the judgment] unless the evidence so fails to support the determination that it is plainly and palpably wrong, or unless an abuse of the trial court's discretion is shown. To substitute our judgment for that of the trial court would be to reweigh the evidence. This Alabama law does not allow."'
>
> "<u>Ex parte Perkins</u>, 646 So. 2d 46, 47 (Ala. 1994) (quoting <u>Phillips v. Phillips</u>, 622 So. 2d 410, 412 (Ala. Civ. App. 1993)). However, this court reviews the interpretation and application of the <u>McLendon</u> standard, which involve pure questions of law, <u>de novo</u>. <u>Gallant v. Gallant</u>, 184 So. 3d 387, 401 (Ala. Civ. App. 2014)."

K.U. v. J.C., 196 So. 3d 265, 268-69 (Ala. Civ. App. 2015), writ denied, Ex parte J.C., 196 So. 3d 279 (Ala. 2015).

The father did not have to prove an obvious and overwhelming necessity for changing custody of the child, see Ex parte Russell, 19 So. 3d 886 (Ala. 2009), but he did have to present evidence sufficient to meet the McLendon standard. The mother asks this court to review the evidence to determine that the father did not carry that burden. However, it is the circuit court that should determine in the first instance whether a noncustodial parent has met the McLendon standard. In this case, the circuit court did not make any determination on that point because it did not apply the McLendon standard; therefore, we must reverse the judgment and remand the case for the circuit court to apply the McLendon standard in deciding whether the evidence presented to it warrants a change of custody. See M.B. v. S.B., 12 So. 3d 1217, 1219 (Ala. Civ. App. 2009).

## Conclusion

Based on the foregoing, we conclude that the circuit court had jurisdiction to modify the custody of the child but that the circuit court

erroneously failed to apply the <u>McLendon</u> standard. We reverse the judgment and remand the case with instructions that the circuit court reconsider its custody determination based on the <u>McLendon</u> standard and for such other proceedings as are consistent with this opinion.

REVERSED AND REMANDED WITH INSTRUCTIONS.

Thompson, P.J., and Edwards, Hanson, and Fridy, JJ., concur.